[No. 14592-8-II.   Division Two.   March 9, 1994.]

STANLEY J. TROHIMOVICH, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, ET AL, *Respondents*.

*Stanley J. Trohimovich,* pro se.

*Christine O. Gregoire, Attorney General,* and *Byron L. Brown, Assistant,* for respondents.

PETRICH, J.* — The Department of Labor and Industries (DLI) assessed industrial insurance taxes against Stanley J. Trohimovich. Trohimovich challenged the validity of the assessment at the Board of Industrial Insurance Appeals (BIIA), but does not challenge the amount of the assessment. Trohimovich's basic argument is that the seventeenth amendment to the United States Constitution, which provided for the popular election of senators, was ineffective because of deficiencies in the manner the amendment was proposed and ratified. Thus, he argues, all congressional acts since implementation of the Seventeenth Amendment are invalid. This includes Congress's act declaring paper money to be legal tender. He argues that because paper currency is invalid, the DLI cannot require Trohimovich to pay tax assessments in paper currency. Trohimovich takes this argument one step further and claims that the DLI's attempt to enforce a tax law that relies on an invalid congressional act is a violation of the constitution, and amounts to criminal profiteering, extortion, racketeering and Racketeer Influenced and Corrupt Organizations Act (RICO) violations. In addition, anyone involved in enforcing the tax laws is similarly violating the law. After these arguments were rejected by the BIIA and DLI, and an order entered approving the assessments, Trohimovich appealed to the Superior Court and appended a complaint to his notice of appeal asserting the above claims against the BIIA and DLI. Trohimovich appeals from the trial court's affirmance of the assessments and dismissal of his claim.

Trohimovich challenges the trial court's conclusion that the BIIA was not subject to suit under a theory of judicial immunity; the trial court's rejection of his constitutional claim; the trial court's disallowance of his amended pleadings; and, the

---

*Judge John A. Petrich was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

trial court's denial of various pretrial motions.[1] We affirm the assessments approved by the BIIA as well as the trial court's judgment dismissing the claims against the BIIA and DLI.

## JUDICIAL IMMUNITY

Trohimovich first argues that the trial court erred in granting the BIIA judicial immunity. He claims the trial court failed to distinguish between a judge, who may be granted judicial immunity, and a government entity, which may not be granted judicial immunity. He argues that the BIIA is a government entity under the criminal profiteering act and RICO and, thus, should not be immune from the charges. This argument is without merit.

█ It is well-established law that judges are immune from civil suit for the performance of their duties. *Shutt v. Moore*, 26 Wn. App. 450, 455, 613 P.2d 1188 (1980); *Stump v. Sparkman*, 435 U.S. 349, 55 L. Ed. 2d 331, 98 S. Ct. 1099 (1978). This judicial immunity extends to those who perform judge-like functions. *Layne v. Hyde*, 54 Wn. App. 125, 132, 773 P.2d 83 (administrative law judge for the Employment Security Department granted judicial immunity), *review denied*, 113 Wn.2d 1016 (1989). The BIIA is a quasi-judicial body, *Floyd v. Department of Labor & Indus.*, 44 Wn.2d 560, 575, 269 P.2d 563 (1954), and as such is immune from suit.

The basis of Trohimovich's claim is that the BIIA failed to enforce the constitution by rejecting his appeal. The rejection of Trohimovich's appeal is the type of act protected by judicial immunity. Accordingly, the trial court properly dismissed the BIIA from Trohimovich's cause of action.

## DISMISSAL OF CONSTITUTIONAL CHALLENGES[2]

█ Next, Trohimovich challenges the dismissal of his claims. An appeal from a dismissal under CR 12(b)(6) is

---

[1]Trohimovich also challenges the trial court's ruling that he had not properly served various parties. Because of our holding, we need not address this challenge.

[2]Trohimovich alleges that the Legislature did not have the jurisdiction to create a monopolistic state bar and all post-State Bar Act legislation is invalid. This statement is not supported by argument or authority, nor does an assignment of error or issue relate to it. We do not consider assertions unsupported by

reviewed in the same manner as review of a summary judgment and is proper where " ' "it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief." ' " *Haberman v. WPPSS,* 109 Wn.2d 107, 120, 744 P.2d 1032, 750 P.2d 254 (1987) (quoting *Bowman v. John Doe,* 104 Wn.2d 181, 183, 704 P.2d 140 (1985)), *appeal dismissed,* 488 U.S. 805 (1988). In considering the propriety of a dismissal, we presume the plaintiff's factual allegations are true.

All the criminal charges that Trohimovich alleges arise from the DLI's purported unconstitutional levy of taxes. Trohimovich claims the DLI is acting contrary to the constitution, and is, thereby, engaged in racketeering, RICO violations, extortion, and trafficking in stolen property.

Trohimovich appears to argue that the Seventeenth Amendment is invalid because the measure was proposed by a majority of the quorum votes of each house of Congress, rather than by a majority of the total membership of each house. This argument fails. The two-thirds vote in each house of Congress proposing a constitutional amendment is a vote of two-thirds of the members present, assuming the presence of a quorum, not a vote of two-thirds of the entire membership. *Rhode Island v. Palmer,* 253 U.S. 350, 64 L. Ed. 946, 40 S. Ct. 486 (1920).

He also appears to argue that since there was no formal declaration of admission of the State of Ohio into the Union, Ohio was never admitted. If Ohio was never admitted, its ratification of the Seventeenth Amendment cannot be counted and, thus, the ratification falls short of the required ratification by three-fourths of the several states as required by article 5 of the United States Constitution.

Trohimovich is mistaken. There is no doubt that Ohio was admitted to the Union in 1803. The only question was whether admission was effective February 19, 1803, or on March 1, 1803. S. Rep. No. 720, 83d Cong., 1st Sess. (1953). In 1953, Congress by joint resolution acknowledged that the

---

authority on appeal, and deem them waived. *Puget Sound Plywood, Inc. v. Mester,* 86 Wn.2d 135, 142, 542 P.2d 756 (1975).

enabling act had been complied with and declared that the State of Ohio be admitted to the Union as of March 1, 1803. Act of August 7, 1953, Pub. L. No. 204-337, 67 Stat. 407 (1953).

The Seventeenth Amendment is valid and does not render all congressional acts since its passage invalid. *Accord Trohimovich v. Commissioner*, 77 T.C. 252 (1981). Congress has the power under the constitution to declare what constitutes legal tender for the payment of all debts and taxes. *Trohimovich v. Director of Dep't of Labor & Indus.*, 21 Wn. App. 243, 584 P.2d 467 (1978), *review denied*, 91 Wn.2d 1013 (1979). The DLI was following a congressional declaration of legal tender; thus, its actions were legal and Trohimovich's criminal allegations fail. Trohimovich's attacks on the DLI for its failure to enforce the constitution fail. We have previously addressed this issue and will not do so again. *See Trohimovich.*

Trohimovich also claims that the payment of taxes is a violation of the Thirteenth Amendment prohibiting slavery. He is wrong. Payment of taxes does not constitute a violation of the Thirteenth Amendment against involuntary servitude. *Kasey v. Commissioner*, 457 F.2d 369, 370 (9th Cir.), *cert. denied*, 409 U.S. 869 (1972).

### AMENDMENT OF PLEADINGS

Next, Trohimovich claims that the trial court erred in failing to allow him to amend his pleadings. Trohimovich attempted to amend his pleadings in December 1990, to add claims of civil rights violations. The motion to amend was filed after the trial court dismissed his cause of action.

CR 15 provides that a party may amend its complaint once as a matter of course prior to the filing of a responsive pleading, or a party may amend its pleading by leave of court, which shall be freely given where justice requires, or by the adverse party's written consent. The amendment of pleadings is left to the sound discretion of the trial court, whose determination will be overturned on review only for an abuse of that discretion. *Walla v. Johnson*, 50 Wn. App.

879, 882, 751 P.2d 334 (1988) (citing *Lincoln v. Transamerica Inv. Corp.*, 89 Wn.2d 571, 573 P.2d 1316 (1978)). An abuse of discretion is discretion manifestly unreasonable, or exercised on untenable grounds, or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

■ Trohimovich presents no argument as to why the trial court abused its discretion or failed to properly exercise its discretion in denying his motion to amend the complaint *after* the court had dismissed his complaint. Absent any such showing, such a decision appears manifestly reasonable.

DENIAL OF POSTDECISION MOTIONS

■ Finally, Trohimovich contends the trial court denied him due process of law by summarily rejecting his motions for reconsideration. Trohimovich cites no authority for his argument that motions for reconsideration must be given due process considerations. In addition, he fails to show why the trial court abused its discretion in failing to grant his motion for reconsideration. *See Perry v. Hamilton*, 51 Wn. App. 936, 938, 756 P.2d 150 (a motion for reconsideration based on CR 59 is addressed to the sound discretion of the trial court whose judgment will not be reversed absent a showing of manifest abuse), *review denied*, 111 Wn.2d 1017 (1988).

We affirm the BIIA's order imposing the assessments and affirm the trial court's judgment.

SEINFELD, A.C.J., and ALEXANDER, J., concur.

Reconsideration denied April 15, 1994.

Review denied at 124 Wn.2d 1025 (1994).