[No. 18808-2-II.    Division Two.    April 18, 1997.]

HSI H. CHEN, M.D., *Appellant*, v. THE STATE OF WASHINGTON, ET AL., *Respondents*.

*Ross E. Taylor*, for appellant.

*Christine O. Gregoire, Attorney General*, and *Lisa L. Sutton, Assistant*, for respondents.

ARMSTRONG, J. — Western State Hospital dismissed Dr. Hsi Chen after a six-month probationary period, citing poor performance. Chen sued, alleging (1) fraud based on his reliance on the State's representations about the probationary employment period, and (2) discrimination. The trial court granted summary judgment for the State, and Chen appeals. Because the State did not misrepresent the conditions of probation, and because Chen failed to

produce evidence that the State's reason for dismissing him was false or a mere pretext, we affirm.

## FACTS

Hsi Chen was born in Taiwan in 1925 and received his medical degree there in 1948. He became board certified in psychiatry in the United States in November 1989. The following spring, Chen applied for a psychiatrist position at Western State Hospital. Because he then lived in Florida, Chen was concerned about the six-month probationary period and asked how difficult the probationary period was and how many psychiatrists had failed. Dr. Hamilton, the Director of Professional Services, responded that the probationary period was not difficult and that only one psychiatrist in the past 10 years had failed the probationary period. Hamilton explained that the psychiatrist had committed gross misconduct.

Chen started at Western State in July 1990, serving as a team leader in a very difficult ward. The treatment team consisted of Chen, a psychologist, a social worker, and the nursing staff. Chen's duties included supervising treatment and directing the psychiatric program.

Dr. Dennis, Chen's supervisor, evaluated Chen's performance after four months and solicited comments from staff and team members. Dennis found that Chen had met the minimum requirements in three evaluation areas, and failed to meet minimum requirements in two areas. Among the various comments, Dennis noted, for example, that some staff had requested transfers.

Chen meanwhile evaluated his own performance, concluding that he had exceeded the normal requirements in four areas, and met the normal requirements in the fifth area. Chen also explained specific criticisms, for example, noting that one staff member who had requested a transfer "has a reputation of being very difficult to deal with."

Dr. Dennis evaluated Chen's performance again after

six months, soliciting further comments from the team members. They expressed concerns that Chen was rigid and inflexible in his treatment style, disregarded their input, and had problems communicating in spoken English. Dennis found that Chen had met the normal requirements in three evaluation areas, met the minimum requirement in one area, and failed to meet minimum requirements in one area. Dennis did not recommend Chen for permanent employment. Western State then notified Chen that his probationary period would terminate the following day, after six months' service.

Chen sued the State, the Department of Social and Health Services (DSHS), and Western State Hospital, alleging discrimination based on age, race, and national origin under RCW 49.60 and 49.44.090. He also alleged fraud because of Hamilton's representations about the standard to be met during probation. Finding that Chen had not established that the State's reason for terminating him was a pretext or unworthy of belief, the trial court granted summary judgment to the State.

Chen then moved for reconsideration, submitting an affidavit and a declaration signed by several former colleagues at Western State. The trial court granted the State's motion to strike the affidavit and the declaration and denied Chen's motion for reconsideration. Chen appeals.

## ANALYSIS

In reviewing a summary judgment, we engage in the same inquiry as the trial court. *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment may be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Weyerhaeuser Co. v. Aetna Cas. & Sur. Co.*, 123 Wn.2d 891, 897, 874 P.2d 142 (1994). A "material fact" is one upon which the outcome of the litigation depends.

*Clements v. Travelers Indem. Co.*, 121 Wn.2d 243, 249, 850 P.2d 1298 (1993). In ruling on the motion, we consider the facts in the light most favorable to the nonmoving party. *Clements*, 121 Wn.2d at 249.

### A. Fraud — Representations by the State Regarding the Probationary Employment Period

■ Chen first argues that the State is estopped from denying him permanent employment because it interpreted "satisfactory performance" in the probationary period to mean an absence of gross misconduct. Chen claims that he had a right to rely on this interpretation. To establish fraud, the plaintiff must demonstrate: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) speaker's knowledge of its falsity; (5) speaker's intention that it shall be acted upon by the plaintiff; (6) plaintiff's ignorance of falsity; (7) reliance; (8) right to rely; and (9) damages. *Hoffer v. State*, 110 Wn.2d 415, 425, 755 P.2d 781 (1988), *aff'd on rehearing*, 113 Wn.2d 148 (1989). Each element of fraud must be proven by clear, cogent, and convincing evidence. *Douglas N.W., Inc. v. Bill O'Brien & Sons Constr., Inc.*, 64 Wn. App. 661, 678, 828 P.2d 565 (1992).

Chen's argument, that Hamilton represented that gross misconduct was the only grounds for failing probation, is not correct. When asked by Chen about the probationary period, Hamilton responded that the probationary period was not difficult, and that only one psychiatrist in the past 10 years had failed the probationary period. That psychiatrist, according to Hamilton, had committed gross misconduct.

■ Hamilton did not make a false statement. The statement was simply an explanation of the reason one psychiatrist had failed to pass probation. It was not a representation that one can fail probation *only* by committing gross

misconduct. Accordingly, the trial court properly dismissed the fraud claim.[1]

## B. Age, Race, and National Origin Discrimination

■■ Chen next argues that the trial court erred in dismissing his discrimination claims. RCW Chapter 49 prohibits employers from discriminating against persons based on age, race, creed, color, or national origin. *See* RCW 49.44.090; 49.60.180. To establish a prima facie case of termination for age, race, or national origin discrimination, an employee must demonstrate that he or she (1) belongs in a protected class; (2) was discharged; (3) was doing satisfactory work; and (4) was replaced by someone not in the protected class. *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 362-64, 753 P.2d 517 (1988); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). Establishing these elements prevents dismissal at the end of the plaintiff's case, notwithstanding that the evidence does not yet show why the discharge occurred. *Carle v. McChord Credit Union*, 65 Wn. App. 93, 99 n.6, 827 P.2d 1070 (1992).

Once a plaintiff has established this prima facie case,

---

[1]Chen also argues that the court should consider a promissory estoppel claim because the doctrine relies on the same facts in evidence as the fraud claim. In reviewing a summary judgment order, the appellate court will consider only evidence and issues called to the attention of the trial court. RAP 9.12. Even if the court could consider the claim, it is without merit. Under the doctrine of promissory estoppel, the plaintiff must establish:

(1) a promise which (2) the promisor should reasonably expect to cause the promissee to change his position and (3) which does cause the promisee to change his position (4) justifiably relying upon the promise, in such a manner that (5) injustice can be avoided only by enforcement of the promise.

*Havens v. C & D Plastics, Inc.*, 124 Wn.2d 158, 172, 876 P.2d 435 (1994), quoting *Klinke v. Famous Recipe Fried Chicken, Inc.*, 94 Wn.2d 255, 259 n.2, 616 P.2d 644 (1980). Promissory estoppel requires the existence of a promise. *Havens*, 124 Wn.2d at 172. A promise is defined as "a manifestation of intention to act or refrain from acting in a specified way, so made as to justify a promisee in understanding that a commitment has been made." *Havens*, 124 Wn.2d at 172 (quoting Restatement (Second) of Contracts, § 2(1)). Here, Hamilton did not make a promise to Chen regarding the probationary period; there was no manifestation that an employee could fail to achieve permanent status only because of gross misconduct. Hamilton only stated that gross misconduct was the reason one particular psychiatrist had failed to complete the probationary period.

the employer must articulate a legitimate, nondiscriminatory reason for the termination. *Grimwood*, 110 Wn.2d at 363-64. The employer's burden is not one of persuasion, but rather one of production. *Grimwood*, 110 Wn.2d at 364. If the employer fails to advance a legitimate reason for its action, there is no genuine issue of material fact. *Carle*, 65 Wn. App. at 100. If an employer meets this burden, the plaintiff must then show that the employer's articulated reasons are unworthy of belief or are a mere pretext for what is, in fact, a discriminatory purpose. *Grimwood*, 110 Wn.2d at 364.

An employee can demonstrate that the employer's proffered reasons are unworthy of belief with evidence that: (1) the employer's reasons have no basis in fact; or (2) even if the reasons are based on fact, the employer was not motivated by the reasons; or (3) the reasons are insufficient to motivate the adverse employment decision. *Kuyper v. State*, 79 Wn. App. 732, 738-39, 904 P.2d 793 (1995), *review denied*, 129 Wn.2d 1011 (1996). To meet this burden, an employee is not required to produce direct or "smoking gun" evidence. *Sellsted v. Washington Mut. Sav. Bank*, 69 Wn. App. 852, 860, 851 P.2d 716 (1993). Circumstantial, indirect, and inferential evidence is sufficient to discharge the plaintiff's burden. *Sellsted*, 69 Wn. App. at 860. If a plaintiff produces evidence at this third stage to counter the employer's reasons, the case must be submitted to the jury; if not, the employer is entitled to a dismissal. *Carle*, 65 Wn. App. at 102.

But to overcome an employer's summary judgment motion, the employee must do more than express an opinion or make conclusory statements. *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 66, 837 P.2d 618 (1992). "The employee has the burden of establishing *specific and material facts* to support each element of his or her prima facie case." *Hiatt*, 120 Wn.2d at 66. Subjective judgments by employers are not *per se* illegal, nor do they always lack legitimacy. MACK A. PLAYER, EMPLOYMENT DISCRIMINATION LAW 336 (1988). Subjective evaluations of

performance are legitimate when the job requires the employee to exercise professional judgment. PLAYER, *supra*, at 336. An employee's assertion of good performance to contradict the employer's assertion of poor performance does not give rise to a reasonable inference of discrimination. *Parsons v. St. Joseph's Hosp.*, 70 Wn. App. 804, 811, 856 P.2d 702 (1993).

Here, the parties agree that Chen is an older Asian male from Taiwan and that the hospital dismissed him at the end of the probationary period. Chen maintains that he was doing satisfactory work and that the State's reason for dismissal, poor performance, was a pretext. To establish an inference of discrimination, Chen points to his own self-evaluations and his explanations of the State's examples of poor work performance. Chen's self-evaluations, however, are insufficient to raise genuine issues of material fact. *See Parsons*, 70 Wn. App. at 811 (employee's good performance assertion did not give rise to a reasonable inference of discrimination to contradict legitimate, nondiscriminatory reason for the termination based on poor performance). Furthermore, Chen's explanations for the cited examples of poor performance do not create an inference of discrimination. Chen does not challenge the facts of the staff complaints used by the State to evaluate his performance. Rather, he seeks either to minimize their importance or offers explanations that shift responsibility from him, e.g., one of the transferring staff had a reputation for being difficult. But the State was entitled to expect Chen, as the team leader, to deal with "difficult" team members. Chen's duties, really nothing more than job description, were for the State to formulate, not Chen. More importantly, nothing in Chen's explanations offers even a hint that the State's reasons for his termination were either false or merely pretexts. *See Grimwood*, 110 Wn.2d at 365.

### C. Additional Material Submitted with a Motion for Reconsideration

Chen then argues the trial court erred in striking

the affidavit and declaration submitted in support of his motion for reconsideration. In the context of summary judgment, unlike in a trial, there is no prejudice if the court considers additional facts on reconsideration. *Applied Indus. Materials Corp. v. Melton*, 74 Wn. App. 73, 77, 872 P.2d 87 (1994). Furthermore, nothing in CR 59 prohibits the submission of new or additional materials on reconsideration. *Sellsted*, 69 Wn. App. at 865 n.19. Motions for reconsideration and the taking of additional evidence, therefore, are within the discretion of the trial court. *See Trohimovich v. Department of Labor & Indus.*, 73 Wn. App. 314, 318, 869 P.2d 95 (1994) (trial court did not abuse discretion by failing to grant reconsideration motion); *Ghaffari v. Department of Licensing*, 62 Wn. App. 870, 816 P.2d 66 (1991) (consideration of additional evidence at motion for reconsideration of bench trial within discretion of trial court).

Here, the trial court did not abuse its discretion in striking the affidavit and declaration. The affidavit contained no new information about Chen, only a repetition of already presented information, and personnel information about Dr. Dennis. This information does not create any issues of material fact concerning Chen's dismissal.

Chen also submitted a declaration, signed by some former medical colleagues at Western State. The declaration stated that Chen had good communication skills and had good relationships with his colleagues and co-workers. But none of the colleagues who signed the declaration was either charged with supervising and evaluating Chen or served as a member of his team. *See Grimwood*, 110 Wn.2d at 364 (none of the customers were charged with supervising and evaluating employee's performance). Thus, this declaration was also insufficient to establish that the State's reasons for dismissing Chen were either false or mere pretexts. Accordingly, the trial court did not abuse its discretion in striking the affidavit and declaration.

## D. Causes of Action for Defamation and Hostile Work Environment

Finally, Chen argues that genuine issues of material fact exist to support causes of action for defamation and hostile work environment. He first maintains that, because defamation was before the court, it was tried with the consent of the parties under CR 15(b). Chen, however, did not allege a defamation claim in his complaint. The State did address the issue of defamation in its summary judgment brief in the context of Chen's performance evaluations. In the response brief, however, trial counsel for Chen stated:

> D. Plaintiff Has Not Brought A Defamation Claim, But Rather Is Seeking Loss of Reputation Damages Authorized By RCW 49.60.030(2).

A review of plaintiff's complaint does not reveal a defamation claim so it is somewhat bewildering as to why the defendants seek summary judgment on such a claim. Trial counsel conceded that a defamation claim was not before the trial court. Thus, Chen's contention on appeal, that a defamation claim was before the court, is without merit.

Chen also maintains that he raised a hostile work environment claim. In the factual section of his complaint, Chen states "[t]hat upon commencing work at Western State Hospital, Plaintiff was subject to discrimination in the terms and conditions of his employment because of his race, age, and national origin."

Under the liberal rules of procedure, pleadings are primarily intended to give notice to the court and the opponent of the general nature of the claim asserted. *Lewis v. Bell*, 45 Wn. App. 192, 197, 724 P.2d 425 (1986). Although inexpert pleading is allowed, insufficient pleading

is not. *Lewis*, 45 Wn App. at 197. "A pleading is insufficient when it does not give the opposing party fair notice of what the claim is and the ground upon which it rests." *Lewis*, 45 Wn. App. at 197; *Molloy v. City of Bellevue*, 71 Wn. App. 382, 385, 859 P.2d 613 (1993) (complaint must apprise defendant of the nature of plaintiff's claims and legal grounds upon which claims rest).

Here, trial counsel did not raise a hostile work environment claim in the briefing, nor did the State address the issue in its summary judgment brief. Furthermore, the issue was not mentioned during oral argument on the motion. This single statement in the pleadings is insufficient to give the court and the opposing party notice of the claim. *See Lewis*, 45 Wn. App. at 197. Accordingly, a claim for a hostile work environment was not before the trial court.

In conclusion, we hold that Chen failed to show that the State misrepresented the conditions of probation and failed to present evidence that the State's reason for terminating him was either false or a pretext. We affirm the summary judgment for the State.

MORGAN and HUNT, JJ., concur.

Reconsideration denied May 20, 1997.

Review denied at 133 Wn.2d 1020 (1997).