139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert C. OBERG, Plaintiff-Appellant,
v.
PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, a municipal
corporation under the laws of the State of
Washington; and Donald Long,
Defendants-Appellees.
 No. 96-36026.
D.C. No. CV-95-00045-WFN.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 17, 1998.
Argued and Submitted February 3, 1998 Seattle, Washington.
 
 Appeal from the United States District Court for the Eastern District of Washington William Fremming Nielsen, District Judge, Presiding.
 Before BROWNING, SKOPIL, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Oberg brought this action against his former employer, the Grant County Public Utility District (PUD), alleging that his termination violated his First Amendment rights and Washington's statutory prohibition against age discrimination. The district court granted PUD's motion for summary judgment. We affirm.
 
 1. Retaliatory Discharge
 
 3
 Oberg contends that PUD terminated his employment in retaliation for his exercise of rights protected by the First Amendment. To establish a prima facie case of retaliation, Oberg must show (1) he was exercising his First Amendment right of free expression; (2) he was subjected to an adverse employment decision, that is, discharge; and (3) there was "a causal link between the protected activity and the employer's action." Yartzoff v. Thomas, 809 F.2d 1371, 1375 (9th Cir.1987).
 
 
 4
 The record shows that Oberg satisfies the first two elements. He fails to meet the third, however, because he cannot show that his speech had any bearing on the decision to eliminate his job. First, there was little indication that his comments were viewed disfavorably by PUD decision makers. Second, too much time passed between the comments and the termination to allow any inference of causation. See, e.g., Yartzoff, 809 F.2d at 1376 (noting that "inference of a causal link is strengthened by the closeness in time between particular events"); Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 n. 5 (9th Cir.1994) (no cognizable retaliation claim where discharge occurred in 1990 and events allegedly giving rise to retaliation occurred in 1983, 1984, and 1985). The speech Oberg alleges formed the basis for retaliation occurred in 1985 and again in 1991; he was not discharged, however, until May of 1993. Any link between the speech and the termination is too attenuated to warrant an inference of causation.
 
 2. Age Discrimination
 
 5
 Oberg contends that his termination was the result of age discrimination, in violation of state law. Wash.Rev.Code Ann. § 49.60.180(2) (West Supp.1998). Oberg has the initial burden to establish a prima facie case of age discrimination. Grimwood v. University of Puget Sound, Inc., 110 Wash.2d 355, 753 P.2d 517, 520 (Wash.1988). The burden of production then shifts to PUD to provide a nondiscriminatory reason for the termination. Id. at 521. Once PUD meets this burden, Oberg must "create a genuine issue of material fact ... and show that the employer's articulated reasons are a mere pretext for what, in fact, is a discriminatory purpose." Id.
 
 
 6
 Oberg makes the minimal showing necessary to establish a prima facie case. PUD responds by explaining the actions it took in reorganizing the utility and in eliminating Oberg's position, thus "articulat[ing] a legitimate, nondiscriminatory reason for termination" that is "sufficient to meet the prima facie case." Id. Oberg fails to provide any evidence that PUD's proffered reasons for his discharge were pretextual.
 
 
 7
 Oberg may not "rely on generalizations" to overcome summary judgment, Warren v. City of Carlsbad, 58 F.3d 439, 443 (9th Cir.1995), and he "must do more than express an opinion or make conclusory statements," Chen v. Washington, 86 Wash.App. 183, 937 P.2d 612, 617 (Wash.Ct.App.1997); see also Grimwood, 753 P.2d at 522 ("conclusory opinions" insufficient). Instead, he must either "directly show a discriminatory motive" or demonstrate that PUD's proffered reasons for his discharge are not credible. Warren, 58 F.3d at 443; see also Nidds v. Schindler Elevator Corp., 113 F.3d 912, 918 (9th Cir.1996), cert. denied, --- U.S. ----, 118 S.Ct. 369, 139 L.Ed.2d 287 (1997). Oberg has done neither.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3