Christi MORDEN, an individual; et al., Plaintiffs—Appellants,

v.

INTERMEC TECHNOLOGIES CORPORATION, a corporation; et al., Defendants—Appellees.

No. 02–35239.

D.C. No. CV–00–01619–TSZ.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 2, 2003.

Decided Oct. 6, 2003.

Before LAY,* FERGUSON, and GOULD, Circuit Judges.

MEMORANDUM**

Appellant Christi Morden ("Morden") contends that the District Court erred in

---

* Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

granting Appellees Intermec Technologies Corporation; Unova, Inc.; and Ron Norton (collectively "Intermec") summary judgment as to Morden's Title VII and state law retaliation claims. Appellant Polly Rock ("Rock") contends that the District Court erred in granting Intermec summary judgment as to Rock's state constructive discharge and Consumer Protection Act ("CPA") claims, in granting Ron Norton summary judgment as to Rock's retaliation claim, and in denying her discovery of certain evidence allegedly supporting her wrongful discharge and CPA claims. We have jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291 (2000). Because the parties are familiar with the facts and procedural history, they are not recited here except as necessary to explain our analysis. For the reasons set forth below, we affirm the decisions of the District Court.

We review a district court's decision to grant or deny summary judgment *de novo. Oliver v. Keller,* 289 F.3d 623, 626 (9th Cir.2002). "Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id.* District court discovery rulings are reviewed for abuse of discretion. *Hall v. Norton,* 266 F.3d 969, 977 (9th Cir.2001).

### 1. Morden and Rock's Federal and State Law Retaliation Claims

Under Washington law, in order to establish a prima facie case for retaliation, a plaintiff must show that (a) she was engaged in statutorily protected activity; (b) the employer took adverse employment action against her; and (c) there was a causal link behind the adverse employment action. *Milligan v. Thompson,* 110 Wash. App. 628, 42 P.3d 418, 424 (2002). Once a

plaintiff establishes "a prima facie case, [the defendant] must present evidence of a nonretaliatory reason for its actions, and then [the plaintiff] must present evidence that the reason is pretextual." *Id.* Federal retaliation claims are governed by the same standard. *See Bergene v. Salt River Project Agric. Improvement & Power Dist.,* 272 F.3d 1136, 1140–41 (9th Cir. 2001).

Washington law states that after an employer has provided a sufficient non-discriminatory reason for an adverse employment action,

> [t]he employee must then create a genuine issue of material fact by showing that the employer's stated reason for the adverse employment action was a pretext for what was a discriminatory or retaliatory purpose. An employee can demonstrate that the reasons given by the employer are not worthy of belief with evidence that: (1) the reasons have no basis in fact, or (2) even if based in fact, the employer was not motivated by these reasons, or (3) the reasons are insufficient to motivate an adverse employment decision.

*Renz v. Spokane Eye Clinic, P.S.,* 114 Wash.App. 611, 60 P.3d 106, 110 (2002) (citation omitted). Moreover, " '[c]ircumstantial, indirect, and inference evidence is sufficient to discharge the plaintiff's burden.' " *Id.* at 112 (quoting *Chen v. State,* 86 Wash.App. 183, 937 P.2d 612, 616 (1997)).

### a. Morden's Retaliation Claims Against Intermec

█ In order to survive summary judgment, Morden was required to provide evidence suggesting that Intermec's asserted reason was pretextual. Morden's proffered evidence, however, does nothing to rebut Intermec's explanation that the job Morden expected to receive was never ac-

tually approved due to budgetary constraints. The District Court thus did not err in granting summary judgment with regard to Morden's retaliation claims.

### b. Rock's Retaliation Claim Against Norton

Rock appeals summary judgment on her retaliation claim only against defendant Ron Norton, and asserts that Norton's reason for removing some of her job duties was "unworthy of credence." As the District Court noted, however, Rock agreed with Norton's assessment of the state of the dispatch department. Thus, she has not shown that Norton's "reasons have no basis in fact," nor has she presented sufficient circumstantial, indirect, or inference evidence that Norton was not motivated by his desire to "take control" of the dispatch department. Therefore, the District Court did not err in granting summary judgment with regard to Rock's retaliation claim against Norton.

### 2. Rock's Constructive Wrongful Discharge Claim

█ Rock contends that the District Court erred in granting summary judgment on her claim of constructive discharge in violation of public policy because she was asked to lie to an ISO auditor. Washington law permits a cause of action for wrongful discharge, even for at-will employees, "where the discharge contravenes a 'clear mandate of public policy.'" *Roberts v. Dudley*, 140 Wash.2d 58, 993 P.2d 901, 904 (2000) (quoting *Thompson v. St. Regis Paper Co.*, 102 Wash.2d 219, 685 P.2d 1081, 1089 (1984)). Such a "clear mandate of public policy" must be found in "a constitutional, statutory, or regulatory provision or scheme." *Thompson*, 685 P.2d at 1089.

The Washington Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce," Wash. Rev.Code § 19.86.020 (1999), and the Federal Trade Commission Act declares unlawful "[u]nfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce." 15 U.S.C. § 45(a)(1) (1994). The stated purpose of the CPA "'is to ... protect the public and foster fair and honest competition.'" *Mason v. Mortgage Am., Inc.*, 114 Wash.2d 842, 792 P.2d 142, 147 (1990) (quoting Wash. Rev. Code § 19.86.920 (1999)). In addition, the CPA's statement of purpose notes that the "act shall be liberally construed that its beneficial purposes may be served." *Id.* The CPA does not require that an act actually deceive someone in order for it to qualify as deceptive, only that it has the "capacity to deceive." *See Dwyer v. J.I. Kislak Mortgage Corp.*, 103 Wash.App. 542, 13 P.3d 240, 242–43 (2000). Since lying to ISO auditors has the capacity to deceive consumers, who may rely on a corporation's claim that it meets ISO standards, Rock met the "clear mandate of public policy" requirement of a wrongful discharge claim. The District Court erred in holding that Rock had not met this "clarity" requirement.

However, the District Court's error was harmless because Rock cannot demonstrate that she was constructively discharged by Intermec. To establish a claim for constructive discharge under Washington law, "a claimant must show: (1) that the employer deliberately made the working conditions intolerable for the claimant; (2) that a reasonable person in the claimant's position would be forced to resign; (3) that the claimant resigned solely because of the intolerable conditions; and (4) that the claimant suffered damages." *Allstot v. Edwards*, 116 Wash.App. 424, 65 P.3d 696, 701 (2003).

As a matter of Washington law, Rock's working conditions were not intolerable. In *Sneed v. Barna*, 80 Wash.App. 843, 912 P.2d 1035 (1996), the Washington Court of Appeals found that the plaintiff's conditions were not intolerable as a matter of law where the plaintiff was transferred from her position as principal to a lesser-status position and was moved to a cramped, noisy office where she had to share supplies and secretarial support. *See id.* at 1039. Because Sneed had the same salary, was at her position only a short time, and the other conditions were "unpleasant" but not "intolerable," the court concluded that she had not met her burden. *Id.* Here, Rock has provided no evidence showing that her salary was lowered, that her position was taken away or altered for illegitimate reason, or that her working conditions were intolerable. The District Court was thus correct to grant summary judgment to Intermec with regard to Rock's constructive wrongful discharge claim.

### 3. Rock's CPA Claim

■ In order to state a private cause of action under the Consumer Protection Act, a plaintiff must show (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) that impacts the public interest, (4) that causes injury to the plaintiff in her business or property that is (5) causally linked to the unfair or deceptive act. *Washington State Physicians Ins. Exch. & Ass'n. v. Fisons Corp.*, 122 Wash.2d 299, 858 P.2d 1054, 1061 (1993); *see also* WASH. REV.CODE § 19.86.090 (1999). Rock fails to meet the fifth prong of this cause of action because she has not alleged facts demonstrating that any injury to her was causally linked with any alleged unfair or deceptive act or practice by Intermec. The District Court was correct to grant summary judgment to Intermec with regard to Rock's CPA claim.

### 4. Denial of Discovery

Rock contends that the District Court erred in denying her discovery of certain evidence allegedly supporting her constructive discharge and CPA claims. However, Rock "did not ... provide any basis or factual support for [her] assertions that further discovery would lead to the facts ... [she] described in [her] affidavit. Moreover, a review of the record leads to the conclusion that [her] affidavit is based on nothing more than wild speculation." *Margolis v. Ryan*, 140 F.3d 850, 854 (9th Cir.1998). Therefore, the District Court did not abuse its discretion in denying Rock's discovery request.

**AFFIRMED.**