Leanna CAVANAUGH; Harvey Ulm, Jr., Plaintiffs—Appellants,

v.

MCCORDS TOYOTA OF VANCOU-VER; Marv Mccord, Sr., Defendants—Appellees.

No. 02–36134.

United States Court of Appeals, Ninth Circuit.

Submitted March 3, 2004.[*]

Decided March 24, 2004.

Mary A. Betker, Esq., Betker Law Firm, PC, Vancouver, WA, for Plaintiffs–Appellants.

Stephanie Bloomfield, Gordon & Thomas, Honeywell, Malanca, Peterson, Tacoma, WA, for Defendants–Appellees.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

MEMORANDUM [**]

Harvey Ulm appeals the district court's grant of summary judgment on his hostile-workplace sexual harassment and retaliation claims. We affirm.

The district court properly considered all of the admissible evidence in granting summary judgment, and did not render its decision uncertain or incorrect by using

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

the word 'appear.' The defendants exercised reasonable care to prevent sexually harassing behavior and acted promptly to correct it. *See Faragher v. City of Boca Raton,* 524 U.S. 775, 807, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998); *Glasgow v. Georgia–Pacific Corp.,* 103 Wash.2d 401, 406–07, 693 P.2d 708 (1985). The defendants' corrective action ended the harassment. *See Ellison v. Brady,* 924 F.2d 872, 882 (9th Cir.1991); *Glasgow,* 103 Wash.2d at 407, 693 P.2d 708.

Ulm failed to show that his participation in protected activity was causally linked to the allegedly adverse employment action. *See Payne v. Norwest Corp.,* 113 F.3d 1079, 1080 (9th Cir.1997); *Delahunty v. Cahoon,* 66 Wash.App. 829, 839, 832 P.2d 1378 (1992). In addition, Ulm did not establish a genuine issue of fact as to whether the defendants' legitimate reason for the allegedly adverse action was a pretext for retaliation. *See Brooks v. City of San Mateo,* 229 F.3d 917, 928 (9th Cir. 2000); *Chen v. State of Washington,* 86 Wash.App. 183, 189–90, 937 P.2d 612 (1997).

By failing to respond to the district court's order to show cause why his action should not be consolidated with another case, Ulm waived this claim. *See Int'l Union of Bricklayers & Allied Craftsman Local Union No. 20 v. Martin Jaska, Inc.,* 752 F.2d 1401, 1404 (9th Cir.1985).

The grant of summary judgment before the completion of discovery was proper because Ulm did not make a timely Rule 56(f) application, and did not specifically identify relevant information he could obtain from discovery that would have precluded summary judgment. *See State of California v. Campbell,* 138 F.3d 772, 779–80 (9th Cir.1998); *VISA Int'l Serv. Ass'n*

*v. Bankcard Holders of America,* 784 F.2d 1472, 1475 (9th Cir.1986).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.