FILED

MAR 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAFECT CAMPBELL; DONALD J. MILLS, JR., | No. 09-35511 |
| Plaintiffs - Appellants, | D.C. No. 2:08-cv-00181-JLR |
| v. | MEMORANDUM* |
| OBAYASHI CORPORATION, INC., a foreign corporation, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted March 8, 2011**

Before:     FARRIS, LEAVY, and BYBEE, Circuit Judges.

    Lafect Campbell and Donald J. Mills, Jr., appeal pro se from the district

court's summary judgment in their diversity action alleging employment

discrimination in violation of the Washington Law Against Discrimination

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("WLAD"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922 (9th Cir. 2004), and for an abuse of discretion the district court's order granting a counsel's motion to withdraw, *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). We affirm.

The district court properly granted summary judgment on Campbell's race discrimination claim based on his discharge because Campbell failed to raise a genuine issue of material fact as to whether he was performing satisfactory work, or that his employer's proffered legitimate, nondiscriminatory reasons for his discharge were pretextual. *See Chen v. State*, 937 P.2d 612, 616 (Wash. Ct. App. 1997) (analysis for discriminatory discharge under the WLAD).

The district court properly granted summary judgment on Campbell's race discrimination claim based on his employer's manner of assigning tasks and providing equipment because Campbell failed to raise a genuine issue of material fact as to whether he was treated less favorably than similarly situated employees. *See Johnson v. Dep't of Soc. & Health Servs.*, 907 P.2d 1223, 1231-32 (Wash. Ct. App. 1996) (analysis for disparate treatment under the WLAD).

The district court properly granted summary judgment on Mills's constructive discharge race discrimination claim because Mills failed to raise a

genuine issue of material fact as to whether his working conditions were "so intolerable that a reasonable person would have felt compelled to resign . . . ." *Washington v. Boeing Co.*, 19 P.3d 1041, 1049 (Wash. Ct. App. 2000).

The district properly granted summary judgment on Mills's race discrimination claim based on temporarily receiving an incorrect pay rate because Mills failed to raise a genuine issue of material fact as to whether his employer's proffered legitimate, nondiscriminatory reason was pretextual. *See Johnson*, 907 P.2d at 1231-32.

The district court did not abuse its discretion in granting plaintiffs' counsel's motion to withdraw based on a conflict of interest. *See Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (district court did not abuse its discretion in ordering plaintiffs' counsel to withdraw where there was a conflict of interest).

Plaintiffs' remaining contentions are unpersuasive.

We do not consider plaintiffs' contentions raised for the first time on appeal. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1146 (9th Cir. 2008).

**AFFIRMED.**