# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SHAW RAHMAN, )
) DIVISION ONE
Appellant, )
) No. 68134-6-I
v. )
) UNPUBLISHED OPINION
THE BOEING COMPANY, KARI )
FOGELMAN, KRISTI PATTERSON, )
KIMBERLY YEATON, KIMBERLY )
TRULSON, KEN NAETHE, ANDREW )
WRIGHT, RUSS JONES, and )
LARRY P. LITTLE, )
)
Respondents. ) FILED: March 11, 2013
_____ )

DWYER, J. — After being terminated from his job at The Boeing Company, Shaw Rahman sued Boeing and eight of its employees, claiming that he was wrongfully terminated on the basis of race, national origin, and religion, or, in the alternative, that he was terminated as retaliation for complaining to management about his treatment. Because, contrary to the superior court's ruling, Rahman pleads a claim upon which relief could be granted, we reverse the trial court's dismissal under CR 12(b)(6) and remand for further proceedings.

I

In February 2008, Boeing hired Rahman as a project manager. Within the next few months, Rahman received two disciplinary notices: one for failing to properly notify his supervisor about his absences from work, and one for attempting to delegate tasks that were part of his job assignment. On July 31,

2008, Rahman was placed on suspension. Due to concerns about Rahman's behavior during the meeting discussing his suspension, Boeing informed Rahman he was required to undergo a medical evaluation prior to returning to work. Boeing notified Rahman that he was required to make an appointment for the evaluation by August 8, 2008, that he was not permitted to return to Boeing before completing the evaluation, and that failure to make the appointment would result in termination. Rahman did not make the appointment and was terminated on August 8, 2008.

On July 6, 2011, Rahman sued Boeing in King County Superior Court, Cause No. 11-2-23321-9 SEA, alleging violations of the Washington Law Against Discrimination (WLAD), chapter 49.60 RCW, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Specifically, Rahman claimed that he was terminated based on his race, national origin, and religion, or in retaliation for complaining about discriminatory treatment by supervisors. Rahman identified one instance in which, during his suspension meeting, a supervisor "started addressing me by my Muslim name 'Mohammad, Mohammad' to [sic] in a preemptively and commanding manner [sic], to influence the audience that I am a 'Mohammad'—influencing and reminding [sic] with post 9-11 emotions."[1]

---

[1] Rahman acknowledges that his legal name is actually "Mohammad," although he appears to favor being called "Shaw." While employed at Boeing, the name on all of Rahman's outgoing emails was "Rahman, Mohammad" and Rahman's email signature included his name as "Shaw (Mohammad) Rahman." Rahman signed his pleadings to this court as "Mohammad Rahman" or "Md. Rahman".

On August 12, 2011, Boeing removed the case to federal district court and moved to dismiss Rahman's claims. Rahman conceded that his Title VII claim was barred because he had failed to file a claim with the Equal Employment Opportunity Commission within 300 days of his termination as required by 42 U.S.C. § 2000e-5(e)(1). On September 27, 2011, the U.S. District Court for the Western District of Washington dismissed Rahman's claims without prejudice, in order to allow Rahman to refile the WLAD claim in state court.

On October 13, 2011, Rahman again filed suit against Boeing in King County Superior Court, Cause No. 11-2-35677-9 SEA, claiming discrimination under the WLAD. Boeing moved to dismiss the suit under CR 12(b)(6), arguing that any claims were barred by the statute of limitations because they were filed more than three years after Rahman's termination on August 8, 2008, and that Rahman had otherwise failed to state a claim upon which relief could be granted. The trial court granted Boeing's motion to dismiss. Rahman appeals.

II

Rahman argues that the trial court erred by dismissing his suit on the ground that the statute of limitations had expired. We agree with Rahman that the statute of limitations did not bar his suit.

WLAD does not contain its own limitation period; discrimination claims must be brought within three years under the general statute of limitations for personal injury actions. RCW 4.16.080(2); Antonius v. King County, 153 Wn.2d 256, 261-62, 103 P.3d 729 (2004). For discrete discriminatory or retaliatory acts,

such as termination, the limitation period begins to run from the date of the alleged wrongful act. Antonius, 153 Wn.2d at 264 (citing Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 108-13, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002)). If the limitation period has run, a cause of action arising from that discrete act is barred. Antonius, 153 Wn.2d at 264.

However, if a lawsuit is removed to federal court, any state law claims over which the federal court assumes supplemental jurisdiction are tolled until the federal claims are resolved. See 28 U.S.C. § 1367(d) ("The period of limitations for any [pendant state law] claim [over which the federal court exercised supplemental jurisdiction] . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.").

Rahman was terminated on August 8, 2008. He originally filed suit on July 6, 2011, within the three-year limitation period. In supplemental briefing, Boeing concedes both that the running of the limitation period was tolled when Rahman's claims were removed to federal court and that Rahman refiled his lawsuit in state court within 30 days. See 28 U.S.C. § 1367(d). We accept Boeing's concession and hold that Rahman's claims were not time barred.[2]

---

[2] In calling for supplemental briefing from Boeing on this issue, which was raised by Rahman for the first time in his reply brief, we specified that no further briefing would be accepted from Rahman. Nevertheless, Rahman filed a supplemental brief. Accordingly, Rahman's supplemental brief dated February 19, 2013 has been stricken and was not considered by this court.

III

A trial court's ruling on a motion to dismiss under CR 12(b)(6) is a question of law that we review de novo. Cutler v. Phillips Petroleum Co., 124 Wn.2d 749, 755, 881 P.2d 216 (1994). A CR 12(b)(6) motion questions only the legal sufficiency of the allegations in a pleading, asking whether there is an insuperable bar to relief. Contreras v. Crown Zellerbach Corp., 88 Wn.2d 735, 742, 565 P.2d 1173 (1977). The purpose of CR 12(b)(6) is to weed out complaints where, even if that which the plaintiff alleges is true, the law does not provide a remedy. McCurry v. Chevy Chase Bank, FSB, 169 Wn.2d 96, 101, 233 P.3d 861 (2010). A motion to dismiss under CR 12(b)(6) should be granted only if the plaintiff is not entitled to relief on a claim under any set of facts. Cutler, 124 Wn.2d at 755.

The WLAD protects employees from discrimination on the basis of "race, creed, color, [or] national origin" as well as retaliation by an employer for engaging in a statutorily protected activity. RCW 49.60.180(2), .210. To establish a prima facie case of termination on the basis of race or national origin, an employee must demonstrate that he or she (1) belongs in a protected class; (2) was discharged; (3) was doing satisfactory work; and (4) was replaced by someone not in the protected class. Chen v. State, 86 Wn. App. 183, 189, 937 P.2d 612 (1997) (citing Grimwood v. Univ. of Puget Sound, Inc., 110 Wn.2d 355, 362-64, 753 P.2d 517 (1988)). To establish a prima facie case of retaliation, an employee must show that (1) he or she engaged in a statutorily protected activity;

(2) the employer took adverse employment action; and (3) there was a causal link between the employee's activity and the employer's adverse action. Estevez v. Faculty Club of the Univ. of Wash., 129 Wn. App. 774, 797, 120 P.3d 579 (2005).

Under the generous standard of CR 12(b)(6), a complaint survives a motion to dismiss unless "'it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" Hoffer v. State, 110 Wn.2d 415, 420, 755 P.2d 781 (1988) (internal quotation marks omitted) (quoting Orwick v. City of Seattle, 103 Wn.2d 249, 254, 692 P.2d 793 (1984)). The "court may consider hypothetical facts not part of the formal record." Hoffer, 110 Wn.2d at 420. Rahman alleges that he was discriminated against on the basis of his race, religion, and national origin and that he was terminated in retaliation for complaining about his treatment to higher management. Because there are hypothetical sets of facts, consistent with his complaint, that could support Rahman's claims, dismissal under CR 12(b)(6) was not appropriate.

Reversed.

_Dwyer, J._

We concur:

_Leach, C.J._

_Cox, J._