[No. 11394-9-III.  Division Three.  May 5, 1992.]

KRISTINE GEBBIE, *Respondent*, v. ELDRED D. OLSON, *Appellant*.

---

*Tanya Pashkowski,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Margaret J. Gilbert, Assistant,* for respondent.

THOMPSON, A.C.J. — This appeal came before a panel of judges pursuant to a motion to modify Commissioner Kenneth H. Kato's ruling. RAP 17.7. We deny the motion to modify. However, because the case appears to have preceden-

tial value, we adopt the Commissioner's ruling, as modified, as our opinion.

Eldred D. Olson appeals the order granting summary judgment and permanently enjoining him from engaging in the practice of dentistry as defined in the dental practice act, RCW 18.32. He challenges the constitutionality of certain provisions of the act which prohibit denturists from furnishing dentures directly·to the public. The State moved on the merits to affirm. RAP 18.14. The motion was granted.

On July 25, 1990, Kristine Gebbie, Secretary of the Department of Health for the State of Washington, filed a complaint and motion for temporary injunction, seeking to prevent Mr. Olson from continuing the unlicensed practice of dentistry in violation of RCW 18.32.020 and RCW 18.130-.190. The Department filed a motion for summary judgment on November 15. The trial court entered an order denying the preliminary injunction on November 28 and set the Department's summary judgment motion for hearing.

The facts are undisputed. Mr. Olson owns and operates the Clarkston Denturist Clinic. As an independent denturist, he professes to the public to supply, construct, and repair dentures. Mr. Olson also offers to take impressions of the teeth and jaw. He is not a licensed dentist; he does not work under the supervision of a dentist. Mr. Olson has engaged in his practice since 1964.

The trial court determined there was no genuine issue of material fact that Mr. Olson illegally engaged in the practice of dentistry and therefore violated the dental practice act, RCW 18.32. In its order for summary judgment and permanent injunction, the court addressed Mr. Olson's constitutional challenges:

> 2.3. <u>Dental Practice Act</u>. The Dental Practice Act defines the practice of dentistry to include the making, repairing, altering or supplying of artificial dentures and other prosthetic dental devices and the taking of impressions of the teeth or jaw or the relationship of the teeth or jaw for the purpose of fabricating artificial dentures or other prosthetic dental devices (RCW 18.32.020 and RCW 18.32.030).
>
> . . . .

2.6. <u>Dental Practice Act Constitutionality.</u> The practice of dentistry affects the health and welfare of the public. This justifies the legislative regulation of dentistry, including prosthetic dentistry. There is no constitutional right to practice prosthetic dentistry without a license nor is there a constitutional right for patients to obtain prosthetic dental services from unlicensed persons.

Additionally, the Dental Practice Act, including RCW 18.32-.020(5) and RCW 18.32.030(6), provides the requisite fair notice of prohibited conduct and meaningful standards for adjudication.

2.7. <u>Applicant Group Theory:</u> The Defendant does not have any authorization pursuant to chapter 18.120 RCW to practice any phase of dentistry. Chapter 18.120 RCW simply establishes guidelines for the evaluation of new health profession legislation. Chapter 18.120 RCW does not amend the Dental Practice Act, chapter 18.32 RCW directly or by implication and does not create any new rights for an unlicensed individual to practice dentistry.

. . . .

2.9. <u>Permanent Injunction.</u> Pursuant to RCW 18.130.190(2), the Plaintiff is entitled to the issuance of an order by this Court enjoining the Defendant from engaging in the practice of dentistry, as defined in the Dental Practice Act, chapter 18.32 RCW.

On January 16, 1991, the trial court entered an order granting summary judgment in favor of the Department and permanently enjoining Mr. Olson from engaging in activities defined as the practice of dentistry without a proper license. The order, however, did not restrict Mr. Olson from engaging in practices, acts, and operations excepted from the dental practice act under RCW 18.32.030. This appeal timely followed.

Mr. Olson challenges the constitutionality of RCW 18.32-.020(5) and RCW 18.32.030(6) on the ground that these statutes are not a valid exercise of police power as they do not bear a reasonable and substantial relationship to accomplishing a legitimate government purpose. *See State v. Brayman*, 110 Wn.2d 183, 193, 751 P.2d 294 (1988). He concedes this issue has been resolved against him in *State v. Anderson*, 54 Wn.2d 156, 338 P.2d 740 (1959). However, Mr. Olson contends *Anderson* is no longer controlling authority because

the enactment of RCW 18.120.010(2) in 1983 resulted in a legislative reformulation of the State's police power, requiring the courts to again examine whether the challenged provisions of the dental practice act continue to bear a reasonable and substantial relationship to protecting the public interest. He also contends there are genuine issues of material fact because in 1987 the State Health Coordinating Council (SHCC) found little risk to public health would be posed by allowing denturists to directly serve the public.

■ This court engages in the same inquiry as the trial court in reviewing a summary judgment. *Highline Sch. Dist. 401 v. Port of Seattle*, 87 Wn.2d 6, 548 P.2d 1085 (1976). Facts most favorable to the nonmoving party are assumed; the burden is on the moving party to prove there is no genuine issue of fact which could influence the outcome of the trial. *Del Guzzi Constr. Co. v. Global Northwest Ltd.*, 105 Wn.2d 878, 882, 719 P.2d 120 (1986). Since the facts are essentially undisputed here, the question is whether the Department was entitled to summary judgment as a matter of law. *Del Guzzi.*

RCW 18.32.020 defines the practice of dentistry:

> A person practices dentistry, within the meaning of this chapter, who . . . (5) professes to the public by any method to furnish, supply, construct, reproduce, or repair any prosthetic denture, bridge, appliance, or other structure to be worn in the human mouth.

RCW 18.32.091 prohibits the practice of dentistry without a license. RCW 18.32.030 provides certain exemptions from the act:

> The following practices, acts, and operations are excepted from the operation of the provisions of this chapter:
>
> . . . .
>
> (6) The making, repairing, altering or supplying of artificial restorations, substitutions, appliances, or materials for the correction of disease, loss, deformity, malposition, dislocation, fracture, injury to the jaws, teeth, lips, gums, cheeks, palate, or associated tissues or parts; providing the same are made, repaired, altered, or supplied pursuant to the written instructions and order of a licensed dentist which may be accompanied by casts, models, or impressions furnished by said dentist . . ..

■ The practice of dentistry without a license, unless exempted by RCW 18.32.030, is subject to injunction at the request of the Attorney General. RCW 18.130.190(2). Moreover, engaging in any business or profession in defiance of the law is a nuisance *per se* and subject to injunction. *State v. Boren*, 42 Wn.2d 155, 163, 253 P.2d 939 (1953).

■ Granting an injunction is addressed to the sound discretion of the trial court. *Alderwood Assocs. v. Washington Envtl. Coun.*, 96 Wn.2d 230, 233, 635 P.2d 108 (1981). The court's decision will be disturbed on appeal only if it is based on untenable grounds, is manifestly unreasonable, or is arbitrary. *Federal Way Family Physicians, Inc. v. Tacoma Stands Up For Life*, 106 Wn.2d 261, 264, 721 P.2d 946 (1986).

In *State v. Anderson, supra*, the appellant admittedly violated RCW 18.32.020(5) and RCW 18.32.030 when he took impressions and made artificial dentures for three persons without written prescriptions or orders from a licensed dentist. The Supreme Court rejected appellant's challenge to the constitutionality of those sections of the dental practice act and found them to be a reasonable exercise of the State's police power. Quoting *Lees v. Oster*, 8 Utah 2d 141, 142-43, 329 P.2d 648, 649 (1958), the court reasoned:

"We believe the public interest demands assurance that the experienced and tested eyes and guiding hands of a licensed practitioner should control the use of prosthetics from manufacture to mastication, under familiar principles of agency and the police power, where authority and responsibility more nearly can contribute to the health and safety of the community."

*Anderson*, at 160; *see also State v. Boren*, 36 Wn.2d 522, 532, 219 P.2d 566, 20 A.L.R.2d 798, *appeal dismissed*, 340 U.S. 881 (1950).

■ Neither RCW 18.32.020(5) nor the pertinent provisions of RCW 18.32.030 have been amended since *Anderson*, and *Anderson* has not been overruled by the Supreme Court. Therefore, unless the principles of state law enumerated in *Anderson* have been legislatively altered, it is binding authority. *See Hamilton v. Department of Labor & Indus.*, 111 Wn.2d 569, 571, 761 P.2d 618 (1988); *State v.*

*Gore*, 101 Wn.2d 481, 487, 681 P.2d 227, 39 A.L.R.4th 975 (1984).

Mr. Olson contends the intent of RCW 18.120 is that no regulation shall, after July 24, 1983, be imposed upon any health profession except for the exclusive purpose of protecting the public interest. *See* RCW 18.120.010(2). Mr. Olson's argument, however, ignores the purpose and scope of that legislation.

The expressed purpose of RCW 18.120 is to establish guidelines for the regulation of health professions not licensed or regulated prior to July 24, 1983, and those licensed or regulated health professions which seek to substantially increase their scope of practice. RCW 18.120.010(1). Here, Mr. Olson claims membership in a health profession known as "denturists". As a denturist, Mr. Olson seeks to substantially increase the scope of his practice to allow for an activity heretofore defined legislatively as the practice of dentistry, and upheld as a valid exercise of police power. RCW 18.32; *Anderson*. RCW 18.120 created a legislative scheme whereby an applicant group such as Mr. Olson, can propose a bill to substantially increase the scope of their practice.[1] Those bills are subject to review in accordance with the criteria enumerated in RCW 18.120.010(2)(a)-(c).

RCW 18.120 neither expressly, nor impliedly, repeals the provisions of RCW 18.32. A statute is presumed to be constitutional; the party challenging it bears the burden of proving it unconstitutional beyond a reasonable doubt. *See Caminiti v. Boyle*, 107 Wn.2d 662, 732 P.2d 989 (1987), *cert. denied*, 484 U.S. 1008 (1988); *State v. Maciolek*, 101 Wn.2d 259, 263-64, 676 P.2d 996 (1984). The test for determining whether a later enactment impliedly repeals a

---

[1] An applicant group is defined in RCW 18.120.020(1) to include "any health professional group or organization, any individual, or any other interested party which proposes that any health professional group not presently regulated be regulated or which proposes to substantially increase the scope of practice of the profession". RCW 18.120.010(2) provides that "no regulation shall, after July 24, 1983, be imposed upon any health profession except for the exclusive purpose of protecting the public interest" and "[a]ll bills introduced in the legislature to regulate a health profession for the first time" are to be reviewed and regulated in accordance with the criteria enumerated in RCW 18.120.010(2)(a)-(c).

former statute was set forth in *Stephens v. Stephens*, 85 Wn.2d 290, 295, 534 P.2d 571 (1975):

> Statutes are impliedly repealed by later acts only if "(1) the later act covers the entire subject matter of the earlier legislation, is complete in itself, and is evidently intended to supersede prior legislation on the subject; or (2) the two acts are so clearly inconsistent with, and repugnant to, each other that they cannot be reconciled and both given effect by a fair and reasonable construction." *In re Chi-Dooh Li*, 79 Wn.2d 561, 563, 488 P.2d 259 (1971).

That test is not met here.

■ Mr. Olson also contends the 1987 findings of the SHCC stand for the proposition that allowing denturists to serve the public directly would pose little risk to public health. *See* RCW 18.120.010(2). Mr. Olson acknowledges, however, the SHCC findings were not considered by the trial court. They cannot be considered on appeal. *See Lewis v. Bell*, 45 Wn. App. 192, 196-97, 724 P.2d 425 (1986). Even if considered, the SHCC findings did not require any change to RCW 18.32.

Mr. Olson has not met his burden of proving the unconstitutionality of RCW 18.32. *Anderson* is controlling. Any argument by Mr. Olson to achieve the suggested result of allowing denturists to serve the public directly should be addressed to the Legislature through the procedures established in RCW 18.120.010(2). *McCarver v. Manson Park & Rec. Dist.*, 92 Wn.2d 370, 377, 597 P.2d 1362 (1979). The court did not err in granting summary judgment to the Department and did not abuse its discretion by permanently enjoining him from practicing dentistry in violation of the dental practice act. The injunction was narrowly tailored to allow Mr. Olson to engage in activities excepted by the act pursuant to RCW 18.32.030.

The judgment of the Superior Court is affirmed.

MUNSON and SWEENEY, JJ., concur.