IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| KAY KAYONGO, an individual, | ) | No. 81884-8-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| STATE OF WASHINGTON; KING COUNTY; CITY OF TUKWILA, | ) ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

HAZELRIGG, J. — Kay Kayongo appeals an order dismissing her claims under CR 12(b)(6) for failure to state a claim upon which relief can be granted, and denying her motion for CR 11 sanctions. Because the trial court did not err in dismissing her claim and did not abuse its discretion in declining to order sanctions, we affirm.

FACTS

In February 2020, Kay Kayongo filed a complaint against the City of Tukwila, King County, and the State of Washington. She alleged injury to personal property and personal injury and sought damages in the amount of $22 billion. From what this court can discern from the filings, Kayongo alleges the defendants stole her personal property and information when they "re-engineered" various government buildings, private buildings, and streets, depriving "plaintiff's right to

its earning benefit." She also alleges "wrongful and willful misconduct" by the defendants arising out of several alleged assaults on the King County Metro buses and on public areas around King County Metro bus stops. She alleges the King County Sheriff failed to prevent her injury and/or failed to arrest the perpetrators.

The defendants all filed motions to dismiss for failure to state a claim upon which relief can be granted, and alternatively as to the claims arising from some of the assaults, expiration of the statute of limitations. The King County superior court dismissed all claims with prejudice. The defendants additionally requested the superior court find Kayongo was a vexatious litigant and impose certain limitations on her ability to continue to file suit against various government entities, but those requests were denied. Kayongo filed a motion for reconsideration, asking the superior court to reverse its dismissal and to order sanctions against the defendants under CR 11. The superior court denied the motions for sanctions and reconsideration. Kayongo appeals.[1]

---

[1] As a preliminary matter, in her replies Kayongo objects to the response brief of each of the government entities on two bases: purported noncompliance with RAP 10.4(a)(1), and the failure of the respondents to cross appeal. Kayongo misunderstands the RAP and appellate procedure. For the following reasons, her objection to each response brief is denied.

RAP 10.4(a)(1) sets out the requirements for printed or hardcopy briefs filed with the court. Each of the government entities filed their response briefs electronically. As such, this RAP is not applicable.

Further, as the respondents to the appeal Kayongo filed, the State, King County and City of Tukwila are each permitted to respond to the assignments of error she raises in her opening brief. They need not file their own notices of appeal to do so. Just as in the trial court, as a fundamental consideration of fairness and due process, a party to a case may rebut the arguments of the opposition.

ANALYSIS

I.     Motion to Dismiss

We review a dismissal under CR 12(b)(6) de novo. Trujillo v. Nw. Tr. Servs., Inc., 183 Wn.2d 820, 830, 355 P.3d 1100 (2015). When considering this issue on appeal, "We presume that the plaintiff's factual allegations are true and draw all reasonable inferences from the factual allegations in plaintiff's favor," and may consider hypothetical facts. Id. at 830. A complaint may be dismissed "'if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief.'" Yurtis v. Phipps, 143 Wn. App. 680, 689, 181 P.3d 849 (2008) (quoting Lawson v. State, 107 Wn.2d 444, 448, 730 P.2d 1308 (1986)). While the record designated on appeal does not contain a transcript of the hearing on the motion to dismiss, the parties have provided the various pleadings and orders of the court such that the record before us is sufficient to properly review the assignments of error.[2]

Our state has "liberal rules of procedure," where "pleadings are primarily intended to give notice" to the opposing party and the court about the "general nature of the claim asserted." Lewis v. Bell, 45 Wn. App. 192, 197, 724 P.2d 425 (1986). Although our civil rule permits inexpert pleading, "insufficient pleading" is not allowed. Id. "A pleading is insufficient when it does not give the opposing party fair notice of what the claim is and the ground upon which it rests." Id. Because Kayongo's complaint failed to give the opposing parties, and the court,

---

[2] Kayongo also failed to designate several of the motions and briefs of the government entities from the trial court in the record on appeal, however each of the respondents provided copies of those filings as appendices to their response briefs.

fair notice of her claims, the superior court did not err in dismissing her complaint against each of the government entities.

A.      Claims Against the State of Washington

Kayongo claims injury to property for stolen information and unauthorized use of her information. She alleges the defendants used her ideas to re-engineer government buildings, schools, houses, and apartments. She alleges that "re-engineering" of various buildings, including buildings at the University of Washington and the University of Washington law library constituted a theft of her information. She also claims personal injuries after allegedly being assaulted on King County Metro buses and walking to/from bus stops.

The tort of conversion "is the unjustified, willful interference with a chattel that deprives a person entitled to the property of possession." Repin v. State, 198 Wn. App. 243, 270, 392 P.3d 1174 (2017). There must be a willful or unlawful taking, and the true owner must demonstrate "some assertion of right or title." Id. at 271.

Kayongo fails to allege any facts demonstrating she 1) had chattel 2) that was willfully or unlawfully taken and 3) the taking deprived her of possession. The bare allegation of "an increasing of [re-engineering] in the territory of State of Washington [including] University of Washington buildings and Law Library" is not sufficient to give the defendant fair notice of the grounds underlying her claim. Kayongo does attach an exhibit, but it is simply a photograph of the University of Washington library. This not sufficient to give the court and opposing parties fair notice of her claim, even under our liberal pleading requirements.

As to the assaults, Kayongo alleges that the State of Washington was negligent. To establish a claim of negligence, a plaintiff must establish duty, breach, causation, and resulting harm. Norg v. City of Seattle, __ Wn. App. __, 491 P.3d 237, 240 (2021). In a claim against a government entity, "a plaintiff must show that the duty breached was owed to an individual and was not a general obligation owed to the public." Id.

Kayongo fails to establish any state agent or agency that was involved in the assaults. The State correctly notes that simply because an event which may give rise to a claim occurs within the territorial boundaries of the State of Washington, such an event does not automatically create liability on the part of the State. Kayongo further fails to state any facts demonstrating that the State would be liable for the alleged assaults.

Because Kayongo's complaint does not give fair notice as to her claim, nor allege any facts giving rise to a legal claim, her complaint against the State of Washington was properly dismissed.

B. Claims Against King County

Similarly, Kayongo alleges that the addition of security desks at the King County Administration Buildings, the addition of a consulting room at the King County jail, "re-engineering" in King County libraries, and denial of access from the King County courthouse to the King County Administration Building caused injury to her property and support her request for an award for $22 billion in damages. She also alleges several assaults that occurred on the King County Metro system, or walking to/from King County Metro bus stations, as additional

bases for the damages award she seeks. She alleges that none of the perpetrators of these assaults were ever arrested despite her requests to the King County Sherriff to do so.

Kayongo again fails to allege facts demonstrating any of the defendants willfully or unlawfully interfered with her rightful property. She also fails to allege facts demonstrating that she was owed a duty different from that of the general public. Because she fails to state facts which would give rise to relief under the law, the superior court properly dismissed her complaint against King County.[3]

C.      Claims Against City of Tukwila

Kayongo alleges that the City of Tukwila stole her property by "continuously re-engineering the specific part of the Avenue to which the incident and the injury caused the filed record/information keep with them . . . including re-engineering of Foster High School."

Again, Kayongo fails to allege facts demonstrating the defendants wrongfully interfered with her property, depriving her of rightful title, or that she was owed a duty different from that of the general public. Because she fails to state facts which would give rise to relief under the law, the superior court properly dismissed her complaint.

---

[3] King County argues that two of Kayongo's allegations fall beyond the statute of limitations under RCW 4.16.080. The superior court did not dismiss the complaint on these grounds, but rather dismissed all of Kayongo's claims for failure to state a claim upon which relief can be granted. Because we find the superior court properly dismissed on this ground, we need not reach this issue, despite the fact that Kayongo dedicates a significant portion of her briefing to challenging this assertion.

The superior court properly dismissed Kayongo's claim against the City of Tukwila for failure to state a claim upon which relief can be granted.

II.    CR 11 Sanctions

In addition to their respective motions to dismiss, each of the government entitles requested the trial court find Kayongo is a vexatious litigant and take steps to prevent her from filing future suits without an attorney or pre-screening by the court.  Courts have "inherent power to control the conduct of litigants who impede the orderly conduct of proceedings," including by placing restrictions on litigants who abuse the judicial process.  Yurtis, 143 Wn. App. at 693.  Upon a "specific and detailed showing of a pattern of abusive and frivolous litigation," trial courts may enjoin a party from engaging in litigation.  Id. (quoting Whatcom County v. Kane, 31 Wn. App. 250, 253, 640 P.2d 1075 (1981)).  These nearly identical requests by the State, County and City, though denied by the trial court, were the basis of Kayongo's motion for CR 11 sanctions against each of the defendants.

We review a trial court's decision to deny CR 11 sanctions under an abuse of discretion standard.  Bldg. Indus. Ass'n of Wash. v. McCarthy, 152 Wn. App. 720, 745, 218 P.3d 196 (2009).  A court abuses its discretion if its decision was "based on untenable grounds or reasons."  Skimming v. Boxer, 119 Wn. App. 748, 754, 82 P.3d 707 (2004).  "We apply an objective standard to determine whether sanctions are merited," analyzing whether "a reasonable attorney in a like circumstance could believe" their filing of pleadings to be justified in fact and in law.  Id.

The purpose of sanctions under CR 11 is to deter "baseless filings:" ones which are "not well grounded in fact, or not warranted by existing law or a good faith argument for altering existing law." Bldg. Indus. Ass'n of Wash., 152 Wn. App. at 745. This is a high bar to meet, and a court should only impose sanctions "when it is patently clear that a claim has absolutely no chance of success." Id. "The fact that a complaint does not prevail on its merits is not enough." Id.

Kayongo dedicates a significant portion of her briefing on appeal to the respondents' request to deem her a vexatious litigant, despite the fact that the court declined to so find. In her opening brief, Kayongo mischaracterizes the ruling of the trial court by stating that the judge denied the request because it was "frivolous." There is nothing in the orders signed by the judge to indicate that he found that request by any of the government entities was frivolous. The mere fact that the court declined to find Kayongo was a vexatious litigant is not sufficient to order sanctions under CR 11. Kayongo had the burden to demonstrate the filing was baseless, and has the burden on appeal to demonstrate the superior court abused its discretion by finding otherwise.

Kayongo appears to suggest in briefing that the filing of the motions to dismiss and seeking a ruling that she is a vexatious litigant constituted both malicious harassment and malicious prosecution. However, she cites criminal statutes for this proposition, neither of which are applicable in the context of this appeal from civil litigation. To be clear, where a plaintiff brings a suit for damages against a party, as Kayongo did here, that party may vigorously defend against those allegations by utilizing the many tools of litigation available under our court

rules, including motions to dismiss. The respondents filed motions to dismiss under CR 12(b)(6) and the trial court judge granted each of those motions as proper under the law. Nothing in the record demonstrates that procedure or that outcome was based on maliciousness, but rather one of the many possible outcomes that may occur when a party makes the weighty decision to initiate litigation, whether represented by counsel or proceeding pro se.

Throughout her briefing, Kayongo appears to merely repeat the arguments and allegations that she presented to the trial court. Because Kayongo fails to identify or engage with the standard of review on appeal or otherwise argue how the trial court erred as to its rulings in the initial hearing and on reconsideration, we affirm the superior court.

Affirmed.

WE CONCUR: