IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ESTATE OF ALBERT RAY NESBITT, deceased, through Tyson Carman as the Personal Representative of his Estate, | ) ) ) ) | No. 41036-6-III |
| Appellant, | ) ) | |
| v. | ) ) | |
| NORTH CENTRAL CARE CENTER INC., a Washington Corporation d/b/a NORTH CENTRAL CARE, and JOHN/JANE DOES 1-4 | ) ) ) ) ) | UNPUBLISHED OPINION |
| Respondents. | ) | |

HILL, J — Albert Nesbitt fell while being transferred from his wheelchair to his bed by two nursing aids at North Central Care Center, Inc. (NCCC). Nesbitt was injured and his wheelchair was damaged. Three years later, the Estate of Albert Roy Nesbitt (the Estate) filed a negligence suit against NCCC. The trial court granted summary judgment in favor of NCCC because the Estate failed to supply the requisite expert testimony to establish the standard of care or proximate cause for its claims.

On appeal, the Estate argues the trial court abused its discretion when it denied the Estate's request to continue the summary judgment hearing. The Estate also argues expert testimony was not required for its property damage claim. We affirm.

BACKGROUND

Prior to his passing, Albert Nesbitt was a patient at NCCC. In September 2020, Nesbitt fell while two nursing aids transferred him from his wheelchair to his bed. In September 2023, Nesbitt's Estate filed a complaint for negligence against NCCC. The Estate alleged that because of NCCC's negligence, Nesbitt sustained injuries to himself and his wheelchair.

The parties began the discovery process and NCCC responded to the Estate's interrogatories and requests for production. The scheduling order set the due date for the Estate's disclosure of lay and expert witnesses as September 16, 2024. The date came and went without the Estate disclosing an expert witness.

On November 15, 2024, NCCC filed for summary judgment, arguing the Estate failed to support its health care claims with expert testimony. The Estate responded by requesting a continuance under CR 56(f) on shortened time. The Estate explained that the first round of depositions was not yet scheduled but could be conducted soon, and although the deadline to disclose expert witnesses passed, discovery remained open until February 10, 2025.

At a hearing on December 13, 2024, the court questioned the Estate's failure to secure and disclose expert testimony by the September deadline. The court further questioned why the motion for continuance was made on shortened time. Counsel for the

2

Estate represented that he had a busy criminal trial schedule and significant personal health concerns. The court considered the relative prejudice to the parties and its reluctance to penalize the Estate for the untimely acts of its counsel and continued the summary judgment hearing to January 31, 2025.

The Estate waited three weeks before it e-mailed NCCC deposition notices. NCCC responded within one hour, rejecting the proposed date and suggesting the parties work together to find mutually agreeable dates. NCCC also indicated that one of the nursing aides, who was no longer employed with NCCC, required independent counsel. The Estate did not reply.

On January 21, the Estate amended its response to NCCC's motion for summary judgment, requesting a second continuance to allow for completion of discovery and depositions. It stated that it identified an expert who reviewed partial medical records, but the expert needed additional information to complete her evaluation and opinion. The Estate further alleged that NCCC was preventing the depositions of the nursing aides because it rejected the scheduled deposition dates and one of the nursing aides required independent counsel. NCCC opposed the continuance and denied the allegation that it was not cooperating with the Estate.

On January 31, the trial court heard argument on the Estate's second continuance motion and on NCCC's summary judgment motion. It noted that extenuating

circumstances justified the first continuance but there were no "new reasons why a request for [another] continuance would be appropriate." Rep. of Proc. (RP) (Mar. 31, 2025) at 17. The court found that the correspondence between the parties indicated that the scheduling delays were attributable to the Estate's failure to communicate with NCCC.

As to the merits of the summary judgment motion, the court agreed with NCCC that although the Estate named an expert, it failed to disclose information regarding the expert's credentials, practice, or opinions, nor did the expert supply an affidavit stating what information was missing and necessary to provide an opinion. The court denied the Estate's motion to continue and granted NCCC's motion for summary judgment, concluding that the Estate had not produced the necessary evidence to establish the standard of care or proximate cause.

## Motion for Continuance

On appeal, the Estate alleges the trial court erred when it denied the Estate's motion to continue the summary judgment hearing for a second time. We review the trial court's decision on such a motion for an abuse of discretion. *Winston v. Dep't of Corr.,* 130 Wn. App. 61, 65, 121 P.3d 1201 (2005). The court abuses its discretion when its decision is manifestly unreasonable or based on an erroneous view of the law. *Ausler v. Ramsey*, 73 Wn. App. 231, 234-35, 868 P.2d 877 (1994).

4

No. 41036-6-III
*Estate of Nesbitt v. North Central CC*

Under CR 56(f), "a party who knows of the existence of a material witness and shows good reason why he cannot obtain the affidavit of the witness in time for the summary judgment proceeding" may seek a continuance. *Lewis v. Bell*, 45 Wn. App. 192, 196, 724 P.2d 425 (1986). The rule reads:

> Should it appear from the affidavits of a party opposing the motion that, he cannot, for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

CR 56(f). One basis for the court to deny such a motion is where "the requesting party does not have a good reason for the delay in obtaining the evidence." *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003).

The Estate based its motion to continue on three grounds. First, counsel reiterated his busy criminal trial schedule and serious health condition. Second, the Estate had identified an expert who needed additional discovery to render an opinion. Third, counsel argued NCCC was unreasonably interfering with scheduling depositions.

The court was not persuaded by these arguments, noting that it had already granted the Estate a continuance due to counsel's schedule and health issues. The Estate did not indicate any "new reasons why a request for [another] continuance would be appropriate" or adequately explain why it did not already have the expert affidavit in hand. RP (March 31, 2025) at 17. As to this latter point, the court found the Estate failed to identify what

5

information the expert was missing or how the depositions would provide that information. Even if the depositions would have assisted the Estate's expert in rendering an opinion, the record showed NCCC promptly responded to the Estate's request to schedule depositions and included an invitation to work together to find mutually agreeable dates, yet the Estate never replied.

The trial court's explanation is reasonable and needs no additional analysis. We therefore conclude the court did not abuse its discretion when it denied the Estate's motion for continuance.

## Summary Judgment

The court granted NCCC's motion for summary judgment, finding the Estate did not present the requisite expert testimony to establish the standard of care or proximate cause for its negligence claims. The Estate now argues its property damage claim is exempt from the expert testimony requirement of chapter 7.70 RCW and there were questions of fact to survive summary judgment.

We decline to review these arguments for two reasons. First, the Estate's argument is unpreserved. "In an appellate review of a summary judgment entered pursuant to CR 56, this court can review only those matters that have been presented to the trial court for its consideration." *Lewis*, 45 Wn. App. at 196-97. *See also* RAP 2.5(a). The Estate's exclusive argument at the summary judgment hearing was its logistical

challenges preventing timely disclosure of expert opinions. The Estate did not argue that expert opinions were unnecessary for any of its negligence claims.

Second, the Estate provides only limited argument—and no legal authority—to support its position that the alleged property damage should not fall under chapter 7.70 RCW. We need not consider arguments that are not developed or for which the appellant has not cited authority. *State v. Dennison*, 115 Wn.2d 609, 629, 801 P.2d 193 (1990); *see also* RAP 10.3(a).

## CONCLUSION

The trial court did not abuse its discretion when it denied the Estate's second motion to continue the summary judgment hearing. The Estate has not provided a sufficient basis for this court to review the trial court's decision to grant NCCC's motion for summary judgment. We affirm.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Hill, J.

WE CONCUR:

_____ _____
Lawrence-Berrey, J.         Murphy, J.