**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

WILMINGTON TRUST, NATIONAL ASSOCIATION, AS SUCCESSOR TRUSTEE FOR BEAR STEARNS ALT-A TRUST, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-7,

          Respondent,

      v.

THE UNKNOWN HEIRS AND DEVISEES OF JAMES L. VOGHT; HEIFA VOGHT; THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS SUCCESSOR TRUSTEE TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE ON BEHALF OF THE CERTIFICATEHOLDERS OF THE CWHEQ INC., CWHEQ REVOLVING HOME EQUITY LOAN TRUST, SERIES 2006-H; HOLOCHUK WOOD SERVICES; DISCOVER BANK, ISSUER OF THE DISCOVER CARD; EGP INVESTMENTS LLC; OCCUPANTS OF THE PROPERTY,

          Defendants,

HEIFA VOGHT,

          Appellant.

No. 85436-4-I

DIVISION ONE

UNPUBLISHED OPINION

MANN, J. — Heifa Voght (Voght) appeals the entry of final judgment and decree of foreclosure of her family home in Renton, Washington (the property).  Voght argues the trial court erred when it granted summary judgment for Wilmington Trust because there were genuine issues of material fact as to acceleration, and whether Wilmington Trust held the note.  We affirm.

I

In 2006, James and Heifa Voght executed an interest only adjustable rate note (the note) for $660,000 related to the property.  The note was indorsed in blank.[1]  The note named Countrywide Bank, N.A. (Countrywide) as the lender and states, "I understand that Lender may transfer this Note.  Lender of anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'"  The note provided for monthly payments of principal and interest beginning on October 1, 2006.  The note also provided that, in the event of default, the note holder may send a written notice of default stating that if payment is not made the holder may require immediate payment in full.

The Voghts executed a deed of trust to secure the note.  The deed of trust provided that Mortgage Electronic Registration Systems, Inc. (MERS) was acting solely as a nominee for Countrywide and Countrywide's successors and assigns.  In the event of default, the deed of trust provided that the lender may charge the Voghts fees for services performed in connection with default, including attorney fees.  The deed of trust

---

[1] A note indorsed in blank is payable to the bearer and "may be negotiated by transfer of possession alone."  RCW 62A.3-205(b).  Bucci v. N.W. Trustee Servs. Inc., 197 Wn. App. 318, 323, n.1, 387 P.3d 1139 (2016).  The note was initially indorsed by Countrywide Bank, N.A. to Countrywide Home Loans, Inc.  Countrywide Home Loans, Inc., then indorsed the note in blank.

also provided that should the Voghts default, the lender must give notice before acceleration and if the default is not cured then the lender may require immediate payment in full without further demand.

After the Voghts failed to make their November 2008 payment, on December 17, 2008, Countrywide sent a notice of intent to accelerate the loan:

> If the default is not cured on or before January 16, 2009, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time. As such, the failure to cure the default may result in the foreclosure and sale of your property.

A notice of trustee's sale of the property was recorded in November 2009, but was discontinued in 2011.

In 2009, MERS assigned all beneficial interest in the deed of trust to BAC Home Loans Servicing, LP FKA Countrywide Home Loans Servicing (BAC). BAC later merged into Bank of America, N.A.

James Voght died in 2010.

On October 24, 2011, MERS assigned the deed of trust to "Citibank, N.A., as Trustee for the holders of the Bear Stearns Alt-A Trust 2006-7, Mortgage Pass-Through Certificates, Series 2006-7" (Citibank).

In 2012, loan servicing was transferred from Bank of America to Select Portfolio Servicing, Inc. (SPS). In January 2013, SPS notified Voght that the holder of the note was Citibank.

In July 2013, Bank of America assigned the deed of trust to Nationstar Mortgage, LLC (Nationstar). In December 2013, Nationstar assigned the deed of trust to "Wilmington Trust, N.A., successor trustee to Citibank, N.A., as Trustee for the

Certificate Holders of Structured Asset Mortgage Investments II Inc., Bear Stearns Alt-A Trust 2006-7, Mortgage Pass-Through Certificates, Series 2006-7." By 2014, Nationstar was the loan servicer.

In June 2014, Wilmington Trust filed a complaint seeking foreclosure against Voght, the estate of James Voght, and other lienholders in King County Superior Court. The action was dismissed by clerk's order for failure to proceed in April 2016. Wilmington Trust unsuccessfully moved to vacate the dismissal.

Wilmington Trust filed the current complaint seeking foreclosure in October 2017. Voght asserted affirmative defenses for statute of limitations, estoppel, res judicata, failure to mitigate, contribution, and homestead right and redemption right.

Wilmington Trust moved for default and summary judgment in December 2018, asserting that the Voghts failed to make their payment on November 1, 2008, and had made no payment since. Wilmington Trust asserted it held the note and that the note had been specially endorsed to it as "Wilmington Trust, National Association, as Successor Trustee to Citibank, N.A., as Trustee for Bear Stearns Alt-A Trust, Mortgage Pass-through Certificates, Series 2006-7." Wilmington Trust submitted a declaration by Nationstar employee Karleton Chester which included as exhibits a copy of the note and deed of trust that were executed in 2006 along with the various assignments of the deed of trust. Chester declared that he personally examined the note, deed of trust, assignment, and Nationstar's electronic servicing system, and that Voght was in default. Wilmington Trust also asserted that the note was accelerated upon filing of the 2017 complaint and that the statute of limitations began running when the 2014 foreclosure action was initiated.

Voght argued that the foreclosure action was time-barred because the December 2008 notice of intent to accelerate triggered the six-year statute of limitations which expired in January 2015. Voght also argued that Wilmington Trust was judicially estopped from claiming the notice of intent to accelerate was not evidence of acceleration. In the alternative, Voght argued that the statute of limitations began to run on the first missed installment payment and each subsequent installment until the note was accelerated and without a determination of whether the statute of limitations had expired on certain installments, the correct amount due could not be calculated.

On January 30, 2019, the trial court granted Wilmington Trust's motion for summary judgment and concluded that the statute of limitations barred any amount due before November 1, 2011. The trial court ruled that a fact-finding hearing was necessary to determine the correct amount of principal, interest, and fees—unless the parties agreed to an accounting or submitted financial documentation.

Voght sought discretionary review of the order granting summary judgment under RAP 2.3(b)(1), (2), and (4) on the issues of judicial estoppel and acceleration. The trial court stayed the proceedings pending the appeal. We denied discretionary review.

On February 18, 2020, Wilmington Trust moved for entry of in rem judgment and decree of foreclosure. Wilmington Trust calculated interest owed beginning on November 1, 2011, and alleged the total amount due was $915,715.41 including interest, fees, and costs. Voght argued that Wilmington had failed to prove the correct amount owed as ordered by the court. A hearing was set for March 6, 2020, but was later stricken.

On May 4, 2022, Wilmington Trust moved to terminate the stay put in place in 2019. The trial court granted the motion and set a new trial date for November 14, 2022. At this time, Voght's counsel withdrew.

On June 1, 2022, Wilmington Trust moved for summary judgment against Voght and sought an in rem money judgment and decree of foreclosure, and attorney fees and costs. Theresa Robertson, a Nationstar employee, submitted a supporting declaration stating the total amount due since November 1, 2011, was $978,832.85. On September 21, 2022, the trial court determined that Wilmington Trust was entitled to judgment as a matter of law for the decree of foreclosure but denied the motion in part noting that the record submitted was insufficient to determine the exact amount owed.

Meanwhile, on September 7, 2022, Voght moved for relief from judgment of the January 30, 2019 order granting summary judgment. Voght's motion was brought under CR 60(b)(4) and (11). Vought argued that the judgment was a product of fraud, misrepresentation or misconduct because Wilmington Trust failed to establish it held the note and thus lacked standing to foreclose on the property. Voght also argued for relief under CR 60(b)(11) based on a violation of appearance of fairness. Additionally, Voght, while recognizing the court already ruled on the issue of acceleration, asserted that documents newly submitted by Wilmington Trust supported finding that the note was accelerated prior to 2017.

On September 21, 2022, the trial court denied Voght's CR 60(b) motion:

6. The basis for the motion relates to alleged fraud committed by the Plaintiff because the pleadings submitted to Judge Donohue purportedly did not establish standing. . . . The defendant had the ability to make any legal argument to the court at the hearing. The defendant failed to identify this argument to the trial court or to the Court of Appeals. The record here

does not demonstrate that the lack of information in the pleadings as argued by the defendant prevented the defendant from fully and fairly presenting its case or defense. The defendant failed to make the argument, that as argued by defendant in this motion, was plain on the pleadings.

7. If defendant's argument is correct, it was a failure of counsel to raise the argument to the court at the hearing.

8. Failures of counsel are not a basis for relief pursuant to CR 60. See, Lane v. Brown & Haley, 81 [Wn. App. 102, 912 P.2d 1040 (1996)].

9. The defendant's argument fails to consider that the court ultimately is the decisionmaker on a summary judgment motion. An error of law does not provide relief from judgment pursuant to CR 60. Errors of law are addressed on appeal. See, Port of Port Angeles v. CMC Real Estate Corp., 114 Wn.2d 670, 673, 790 P.2d 145 (1990); In re Marriage of Tang, 57 Wn. App. 648, 654, 789 P.2d 118 (1990).

The trial court also determined that Voght failed to establish a basis for relief under CR 60(b)(11).

Voght unsuccessfully moved for reconsideration of the order denying relief from judgment under CR 59(a)(7), (8), and (9), sought an indicative ruling under CR 60(e), and again asserted vacation was warranted under CR 60(b).

On December 6, 2022, Wilmington Trust moved for entry of final judgment for $974,503.37. On February 17, 2023, the trial court denied the motion for entry of final judgment because the documents submitted by Wilmington Trust were the same as those previously determined to be insufficient to establish the exact amount owed. Wilmington Trust unsuccessfully moved for partial reconsideration on the entry of judgment for the principal and interest only whose sum was not reliant on extraneous facts.

On May 17, 2023, Voght and Wilmington Trust stipulated to entry of final judgment and Wilmington Trust agreed not to enforce the judgment during the pendency of an appeal. Voght timely appealed.

II

Voght argues that the trial court erred in granting summary judgment. We review an order granting summary judgment de novo; all facts and reasonable inferences must be considered in the light most favorable to the nonmoving party, here Voght. Lynott v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa., 123 Wn.2d 678, 685, 871 P.2d 146 (1994); Greater Harbor 2000 v. City of Seattle, 132 Wn.2d 267, 279, 937 P.2d 1082 (1997). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

Summary judgment is subject to a burden-shifting scheme. Ranger Ins. Co. v. Pierce County, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). The party moving for summary judgment bears the initial burden of showing that there is no disputed issue of material fact. Young v. Key Pharms., Inc., 112 Wn.2d 216, 225, 770 P.2d 182 (1989). The burden then shifts to the nonmoving party to present evidence that an issue of material fact remains. Young, 112 Wn.2d at 225. The nonmoving party must then present "'specific facts which sufficiently rebut the moving party's contentions'" and create a genuine issue of material fact. Ranger, 164 Wn.2d at 552 (quoting Meyer v. Univ. of Wash., 105 Wn.2d 847, 852, 719 P.2d 98 (1986)). "A material fact is one of such nature that it affects the outcome of the litigation." Greater Harbor, 132 Wn.2d at 279.

A

Voght argues that Wilmington Trust failed to meet its burden of production by failing to present evidence that it held the note. Voght asserts that Wilmington Trust bears the affirmative burden to show it holds the note regardless of whether Voght disputed ownership of the note in response to summary judgment. We disagree.

"Where a deed of trust is foreclosed as a mortgage, the law of mortgages applies." Deutsche Bank Nat'l Tr. Co. v. Slotke, 192 Wn. App. 166, 172, 367 P.3d 600 (2016); RCW 61.24.020. The beneficiary of a deed of trust who holds the promissory note secured thereby, can judicially foreclose on the deed of trust in the event of default. Bain v. Metro. Mortg. Grp., Inc., 175 Wn.2d 83, 92-94, 285 P.3d 34 (2012). "Beneficiary" under the deed of trust act means "the holder of the instrument or document evidencing the obligations secured by the deed of trust." Bain, 175 Wn.2d at 98-99; RCW 61.24.005(2). In this case, the instrument evidencing the obligations secured by the deed of trust is the note.

The note is a negotiable instrument governed by the Uniform Commercial Code (UCC), Title 62A RCW. Brown v. Wash. State Dep't of Com., 184 Wn.2d 509, 524, 359 P.3d 771 (2015). Under the UCC only certain persons may enforce the note:

> "Person entitled to enforce" an instrument means (i) the holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a holder, or (iii) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to RCW 62A.3-309 [enforcement of lost, destroyed, or stolen instrument] or 62A.3-418(d) [mistake]. A person may be a person entitled to enforce the instrument even though the person is not the owner of the instrument or is in wrongful possession of the instrument.

RCW 62A.3-301. "'The holder of a negotiable instrument may sue thereon in his own name, and payment to him in due course discharges the instrument.'" Slotke, 192 Wn. App. at 172 (quoting John Davis & Co. v. Cedar Glen No. Four, Inc., 75 Wn.2d 214, 222–23, 450 P.2d 166 (1969)).

An instrument endorsed in blank, as it was here, becomes payable to bearer. RCW 62A.3-205. "If an instrument is payable to bearer, it may be negotiated by transfer of possession alone." RCW 62A.3-201. "'It is not necessary for the holder to first establish that he has some beneficial interest in the proceeds.'" Slotke, 192 Wn. App. at 172 (quoting John Davis & Co, 75 Wn.2d at 222-23). A party may prove its status as a holder by providing evidence of possession such as presenting the original note to the trial court or by a declaration by the lender or loan servicer that the party holds the note. Bucci v. Nw. Trustee Services, Inc., 197 Wn. App. 318, 328, 387 P.3d 1139 (2016); Terhune v. N. Cascades Tr. Servs., Inc., 9 Wn. App. 2d 708, 724, 446 P.3d 683 (2019).

Here, Wilmington Trust, as the party moving for summary judgment, had the initial burden of establishing that it was entitled to judgment as a matter of law. Whether Wilmington Trust holds or is in possession of the note is material because it determines whether Wilmington Trust may enforce the note and deed of trust. Wilmington Trust stated that it held the note and provided a supporting declaration by an employee of the loan servicer who stated that they personally examined the note, deed of trust, and assignment. Thus, Wilmington Trust met its initial burden to show it is entitled to enforce the note.

The burden then shifted to Voght to present evidence that there was a genuine issue of whether Wilmington Trust held the note. Voght failed to do so.

Generally, appellate courts will limit review to claims argued before the trial court. RAP 2.5(a). This is especially true for summary judgment proceedings. RAP 9.12. Because Voght did not raise the issue of whether Wilmington Trust holds the note in response to summary judgment, Voght failed to meet her burden on summary judgment.[2]

B

Voght argues the trial court abused its discretion by concluding that the doctrine of judicial estoppel did not apply to Wilmington Trust's argument about acceleration. We disagree.

A trial court's decision on the application of judicial estoppel is reviewed for abuse of discretion. Miller v. Campbell, 164 Wn.2d 529, 536, 192 P.3d 352 (2008). "A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds." Skinner v. Holgate, 141 Wn. App. 840, 849, 173 P.3d 300 (2007) (quoting State v. Perrett, 86 Wn. App. 312, 319, 936 P.2d 426 (1997)). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard." In re Marriage of Littlefield, 133 Wn.2d 39, 47, 940 P.2d 1362 (1997).

---

[2] Voght argues that Wilmington Trust misrepresented that it was assigned the deed of trust and thus, lacked standing to foreclose on the property. "The holder of the promissory note has the authority to enforce the deed of trust because the deed of trust follows the note by operation of law." Winters v. Quality Loan Serv. Corp. of Wash., Inc., 11 Wn. App. 2d 628, 643, 644-45, 454 P.3d 896 (2019) (citing Bain, 175 Wn.2d at 104). Voght recites the various assignments of the deed of trust but otherwise provides no authority in support of her argument. The deed of trust follows the note and, as discussed above, Wilmington Trust stated it holds the note. So, regardless of the various assignments, Wilmington Trust as the note holder may enforce the note and deed of trust.

"'Judicial estoppel is an equitable doctrine that precludes a party from asserting one position in a court proceeding and later seeking an advantage by taking a clearly inconsistent position.'" Arkison v. Ethan Allen, Inc., 160 Wn.2d 535, 538, 160 P.3d 13 (2007) (quoting Bartley-Williams v. Kendall, 134 Wn. App. 95, 98, 138 P.3d 1103 (2006)). In Arkison, our Supreme Court set forth the following three factors to "guide a trial court's determination of whether to apply the judicial estoppel doctrine": (1) whether "a party's later position" is "clearly inconsistent with its earlier position"; (2) whether "judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; and (3) "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." 160 Wn.2d at 538-39 (quoting New Hampshire v. Maine, 532 U.S. 742, 750-51, 121 S. Ct. 1808, 149 L. Ed. 2d 968 (2001)).

Voght relies on Wilmington Trust's seemingly contrary arguments in two out-of-state cases to support her argument. In the unpublished case, Wilmington Trust, N.A. v. Podar, 2018 IL App (1st) 172960-U, at 5-9, https://www.illinoiscourts.gov/resources/226ba7cc-acfb-43e8-9919-31094fbb7e1e/file1, the notice of intent to accelerate was reviewed by the appellate court for compliance with the acceleration requirements in the mortgage agreement. Under Illinois law, courts consider a notice of acceleration a condition precedent. Podar, 2018 IL App (1st) 172960-U, at 6. Wilmington Trust argued that the notice complied with the mortgage agreement which required the lender give notice before acceleration and the notice must specify the following: default, the action to cure, due date to cure, and that failure

to cure may result in acceleration. The court determined the condition precedent to filing suit was satisfied by the notice of intent because it contained the required components. Podar, 2018 IL App (1st) 172960-U, at 7. Voght also relies on the unpublished case Nationstar Mortgage, LLC v. Wagener, 2015-Ohio-1289, ¶¶ 57-62 (unpublished), https://www.supremecourt.ohio.gov/rod/docs/pdf/8/2015/2015-Ohio-1289.pdf, in which the terms of both the mortgage agreement and the notice were nearly identical to those in Podar. In that case, the court determined that the notice of intent conformed to the notice requirements of the mortgage and satisfied the condition precedent. Wagener, 2015-Ohio-1289, ¶ 61.

Neither case is persuasive because Ohio and Illinois law appear to focus solely on whether the condition precedent is satisfied. The plaintiff's position in both Podar and Wagener was that the notice complied with the mortgage requirements, the condition precedent was satisfied and so the foreclosure action may proceed. Here, the position of Wilmington Trust is that, under Washington law, the notice did not accelerate the loan because the notice was not a "clear and unequivocal" action that the loan was indeed accelerated. Merceri v. Bank of New York Mellon, 4 Wn. App. 2d 755, 761, 434 P.3d 84 (2018). This is not clearly inconsistent with Wilmington Trust's prior argument in Illinois or Nationstar's argument in Ohio. Instead, the difference is that the law in those states requires compliance with the mortgage agreement and satisfaction of the condition precedent—neither state appears to require a "clear and unequivocal" notice. Voght does not provide applicable statutes or case law to persuade otherwise. Additionally, Voght does not explain or provide authority to support consideration of

Nationstar's prior argument given that Nationstar is not the party making the argument here.

The trial court did not abuse its discretion by deciding judicial estoppel was not applicable to Wilmington Trust's argument.

C

Voght argues that genuine issues of material fact exist over acceleration and whether foreclosure of the loan is time-barred. In contrast, Wilmington Trust argues that under Merceri, 4 Wn. App. 2d 755, the notice of intent to accelerate does not accelerate the loan. We agree with Wilmington Trust.

A deed of trust foreclosure action must be commenced within six years. RCW 4.16.040; 4518 S. 256th, LLC v. Karen L. Gibbon, P.S., 195 Wn. App. 423, 434, 382 P.3d 1 (2016). Washington law distinguishes a demand note from an installment note. 4518 S. 256th, 195 Wn. App. at 434. The statute of limitations begins to run on a demand note when it is executed while, on an installment note, the statute of limitations runs against each installment from the time it becomes due. 4518 S. 256th, 195 Wn. App. at 434. But if an installment note is accelerated, the remaining balance becomes due and the statute of limitations begins to run for all installments not previously due. 4518 S. 256th, 195 Wn. App. at 434-35.

Mere default alone will not accelerate the note—even if the note provides for automatic acceleration upon default. Merceri, 4 Wn. App. 2d at 760 (citing A.A.C. Corp. v. Reed, 73 Wn.2d 612, 615, 440 P.2d 465 (1968)). "Some affirmative action is required, some action by which the holder of the note makes known to the payors that he intends to declare the whole debt due." Merceri, 4 Wn. App. 2d at 760 (quoting

-14-

Glassmaker v. Ricard, 23 Wn. App. 35, 37-38, 593 P.2d 179 (1979)). "Acceleration must be made in a clear and unequivocal manner which effectively apprises the maker that the holder has exercised his right to accelerate the payment date." Merceri, 4 Wn. App. 2d at 761 (quoting Glassmaker, 23 Wn. App. at 38.)).

In Merceri, Merceri defaulted on the mortgage and the bank sent a notice of default to Merceri. 4 Wn. App. 2d at 761. The notice of default sent to Merceri is nearly identical to the notice here. On appeal, the bank argued the loan was not accelerated by the notice and this court agreed. Merceri, 4 Wn. App. 2d at 760-61. The record showed the bank did not declare the entire balance due, refuse to accept installment payments, or otherwise take affirmative action, in a clear and unequivocal manner conveying acceleration. Merceri, 4 Wn. App. 2d at 761. Additionally, the mortgage statements sent to the plaintiff after the notice showed the amount due as the sum of the past due installments—not the entire principal. Merceri, 4 Wn. App. 2d at 761. This court determined that Merceri did not receive notice of acceleration but a warning that the debt would be accelerated. Merceri, 4 Wn. App. 2d at 762-63.

Here, like in Merceri, notices of default sent to Voght did not show the entire balance of the loan as due but the sum of the past due installments. And Voght does not discuss Merceri or otherwise provide authority to counter Merceri's holding. Instead, Voght argues the deed of trust is evidence of acceleration. The deed of trust states that the lender may accelerate and that, at its option, the lender may require immediate payment without further demand. The Merceri court, dealing with a similar mortgage provision, did not find such language persuasive because acceleration of a loan still

-15-

requires clear and unequivocal action by the lender. 4 Wn. App. 2d at 761-62. We agree.

D

Voght argues she should have been allowed to complete all necessary discovery on acceleration. CR 56(f) provides that a trial court may grant a continuance to permit the nonmoving party time to complete discovery. When the nonmoving party establishes a good reason as to why the discovery cannot be timely obtained, the trial court may allow "'a reasonable opportunity to make the record complete before ruling on a motion for summary judgment.'" In re Estate of Fitzgerald, 172 Wn. App. 437, 448, 294 P.3d 720 (2012) (quoting Lewis v. Bell, 45 Wn. App. 192, 196, 724 P.2d 425 (1986)). Such a continuance is properly denied where "(1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence, (2) the requesting party does not state what evidence would be established through the additional discovery, or (3) the desired evidence will not raise a genuine issue of material fact." Fitzgerald, 172 Wn. App. at 448 (citing Lewis, 45 Wn. App. at 196).

While Voght argued for a continuance under CR 56(f) in opposition to the second motion for summary judgment, she did so on the issue of the claimed amount owed— not on the issue of acceleration. Moreover, a continuance under CR 56(f) is at the discretion of the trial court, and Voght provides no argument that the trial court abused its discretion. Nor does Vought explain how further discovery on acceleration would overcome any of the three factors above. Fitzgerald, 172 Wn. App. at 448. We do not consider an inadequately briefed argument. Norcon Builders, LLC v. GMP Homes VG, LLC, 161 Wn. App. 474, 486, 254 P.3d 835 (2011).

-16-

The trial court did not err by granting summary judgment for Wilmington Trust.

III

Voght argues the trial court erred by denying her motion to vacate under CR 60(b)(4).[3]  First, Voght contends that Wilmington Trust's misrepresentation that it held the note is clear and convincing evidence in support of vacation under CR 60(b)(4).  We disagree.

A trial court's decision on a motion to set aside a judgment is reviewed for abuse of discretion.  Trinity Universal Ins. Co. of Kan. v. Ohio Cas. Ins. Co., 176 Wn. App. 185, 195, 312 P.3d 976 (2013).  "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons."  Littlefield, 133 Wn.2d at 46-47.

A trial court may set aside a judgment for fraud, misrepresentation, or other misconduct of an adverse party.  CR 60(b)(4).  "The fraudulent conduct or misrepresentation must cause the entry of the judgment such that the losing party was prevented from fully and fairly presenting its case or defense."  Lindgren v. Lindgren, 58 Wn. App. 588, 596, 794 P.2d 526 (1990) (citing Peoples State Bank, 55 Wn. App. 367, 372, 777 P.2d 1056 (1989)).  This rule is designed to address judgments that were unfairly obtained, not judgments that may be factually incorrect.  Peoples, 55 Wn. App. at 372.  "The party attacking a judgment under CR 60(b)(4) must establish the fraud, misrepresentation, or other misconduct by clear and convincing evidence."  Lindgren, 58 Wn. App. at 596.

---

[3] Voght also assigns error to the trial court's decision to deny relief under CR 60(b)(11), but fails to provide argument or authority on the issue.  We do not consider an inadequately briefed argument.  Norcon Builders, 161 Wn. App. at 486.

In Peoples, Hickey acquired a lien against her ex-husband's property as part of the property distribution following their dissolution. 55 Wn. App. at 368. When the bank initiated foreclosure proceedings following the ex-husband's default, it named Hickey as a party and claimed her interest was inferior and subordinate to its lien. Peoples, 55 Wn. App. at 368. Hickey, although served with the complaint, failed to appear and a default judgment was entered against her. Peoples, 55 Wn. App. at 369. Hickey moved to set aside the judgment under CR 60(b)(4), arguing the bank had mispresented the priority of her lien. Peoples, 55 Wn. App. at 370. The court concluded that Hickey had made a strong showing that the bank had misrepresented the status of its lien on Hickey's property. Peoples, 55 Wn. App. at 371. But the court nevertheless affirmed the denial of her motion because Hickey did not rely on the misrepresentation and it had nothing to do with her failure to respond to the summons and complaint. Peoples, 55 Wn. App. at 372.

Here, like in Peoples, Wilmington Trust's misrepresentation did not prevent Voght from fully and fairly presenting her case. The misrepresentation was evident from the pleadings and there is no connection between the misrepresentation and Voght's failure to raise the issue before the trial court on summary judgment. Thus, the trial court did not abuse its discretion by denying relief under CR 60(b)(4).

Second, Voght asserts that Wilmington Trust lacked standing and relies on a report prepared by her expert witness, Randall Lowell. But this does nothing to persuade that relief is warranted under CR 60(b). As mentioned above, whether Wilmington Trust holds the note is an issue of fact, not one of standing. And, Voght's expert report was not before the court on summary judgment in 2019 nor does it have

any bearing on fraud or misrepresentation under CR 60(b)(4).  Nor does the report

provide any new evidence but confirms what was plain on the pleadings.

Based on the above, the trial court did not abuse its discretion by denying

Voght's motion for relief from judgment.[4]

We affirm.

_____Mann, J._____

WE CONCUR:

_____Díaz, J._____                    _____Hazelrigg, ACJ_____

---

[4] Voght also argues that the trial court erred by denying her motion for reconsideration of the order denying her motion for relief from judgment.  But Voght ignores that she failed to make an argument that was plain on the pleadings and that "[g]enerally, the incompetence or neglect of a party's own attorney is not sufficient grounds for relief from a judgment in a civil action."  Lane, 81 Wn. App. at 107. Nothing in the denial of the CR 60 motion was contrary to law nor does Voght persuade that there was a lack of substantial justice.  CR 59(a)(7), (9); Singleton v. Naegeli Reporting Corp., 142 Wn. App. 598, 612, 175 P.3d 594 (2008); Sligar v. Odell, 156 Wn. App. 720, 734, 233 P.3d 914 (2010).  Voght fails to establish grounds for reconsideration under CR 59(a).